Columbus Neel v. The Honorable Nathan. Mayo, as
Custodian of the State Prison.

172 So. 84.
Opinion Filed January 18, 1937.

*Martin & Martin,* for Petitioner;

*Cary D. Landis,* Attorney General, *Roy Campbell,* Assist-
ant Attorney General, and *John H. Carter, Jr.,* State At-
torney, for Respondent.

Brown, J.—The petitioner in this habeas corpus pro-
ceeding was tried and convicted in the Circuit Court for
Jackson County in October, 1926, and judgment and sen-
tence duly entered and the petitioner sentenced to the peni-
tentiary.   Writ of habeas corpus was sued out on the theory
that the information upon which petitioner was convicted
wholly failed to charge a felony under the laws of this State.
The question of the guilt or innocence of the petitioner is

of course not involved in this proceeding, as this Court will only inquire in a case of this kind whether the statute under which the charge was made is valid or invalid, or whether the information wholly fails to charge any offense under the laws of this State. State, *ex rel.* Padgett, v. Windham, 120 Fla. 206, 162 So. 510; Lehman v. Sawyer, 106 Fla. 396, 143 So. 310. The writ of habeas corpus cannot be used as a substitute for a motion to quash an information or indictment, or for writ of error.

The information contained three counts. This petitioner was convicted on the first and second counts and was sentenced to the State Prison for five years under the first count, and for three years under the second count, both sentences to run concurrently.

The first count charged the defendant with breaking and entering a dwelling house with the intent to commit a felony, to-wit: "to unlawfully and feloniously, without lawful authority, forcibly confine and imprison Corine Spence within said County and State against her will, with the intent to cause her, the said Corine Spence, to be secretly confined and imprisoned in said County and State against her will." The second count was similar to the first except that it added thereto these words: "And then and there upon breaking and entering said dwelling house with the aforesaid intent, did make an assault upon a person lawfully in said dwelling house, to-wit: Corine Spence."

Section 7216, Comp. Gen. Laws, provides *inter alia* that whoever breaks and enters a dwelling house with the intent to commit a felony, or, having entered with such intent if he make an assault upon any person lawfully therein, shall be punished and imprisoned in the State Prison for life, or for such term of years as may be determined by the court. And Section 7159, Comp. Gen. Laws, provides that whoever

without lawful authority forcibly or secretly confines or imprisons another person within this State against his will, or confines or inveigles or kidnaps another person, with intent to cause him to be secretly confined or imprisoned in this State against his will, shall be punished by imprisonment in the State Prison not exceeding ten years. Both of these statutes relate to felonious crimes, and it cannot be successfully contended that either the first or the second count wholly fails to charge a crime against the laws of this State punishable by imprisonment in the State penitentiary. The contention therefore that this information, at least the first count thereof, only charged a misdemeanor, cannot be sustained. The petitioner insists that the information merely charges the breaking and entering of a dwelling house with the intent to commit the offense of false imprisonment and that false imprisonment is a mere misdemeanor, but false imprisonment as defined in Section 7159, Comp. Gen. Laws, is made punishable by imprisonment in the penitentiary and is thus made a felony.

The return of the respondent is amply sufficient to justify his custody and detention of petitioner and the petitioner will therefore be remanded to such custody.

It is so ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BUFORD and DAVIS, J. J., concur.