Daniel G. Albert, J.
On this application the relator seeks (1) to be released from custody, and (2) to restrain the respondent District Attorney from bringing relator to trial a second time in the Nassau 'County District Court. Judgment is granted prohibiting the respondent District Attorney from further prosecution of the relator but as to the release from custody the petition is dismissed.
On January 6, 7 and 8, 1965 the relator was tried by a jury of six for petit larceny. After its charge to the jury, the court submitted the case to the jury at 11:15 a.m. At 1:00 p.m. the jury returned to the courtroom for further instructions and at some unspecified time returned to the jury room. At 1:40 p.m. the jury returned to the courtroom and the foreman announced “ We are unable to reach a verdict In answer to the court’s query concerning further deliberation after lunch, four of the jurors said they were deadlocked. Juror No. 4 ,said, “ I don’t *803 know so [s-ic] maybe if we thought about it while having lunch we might” [reach a verdict]. Juror No. 6 said, “I feel we should .give it a little more deliberation ”. Thereupon the court declared a mistrial, discharged the jury and stated “ the defendant is therefore discharged on his own recognizance. The defendant is released in his own custody.”
Obviously since the relator is not in the custody of either of the respondents, a habeas corpus proceeding for his release from custody does not lie. In People ex rel. Albert v. Pool (77 App. Div. 148) (where the relator was released on bail) the court wrote at page 150 “ The imprisonment or restraint in his liberty * * * is an actual physical restraint by which the liberty of the individual is in some way interfered with. A person cannot be said to be restrained in his liberty when he can do what and go where he pleases. The mere fact that his bail has authority to surrender him to custody at any time is not a restraint of his liberty. That a person is liable to an arrest or imprisonment, in the absence of any actual restraint, does not authorize either a writ of habeas corpus * * * to determine whether or not he is subject to be imprisoned in the future.” (See, also, People v. Byrne, 247 App. Div. 797.) The authorities cited by relator’s counsel are distinguishable. The first, Reis v. United States Marshal (192 F. Supp. 79) involved subdivision (c) of section 2241 of title 28 of the United States Code which provides for habeas corpus if the prisoner is in custody “ or is committed for trial before some court thereof ’ ’. The second, United States ex rel. Von Cseh v. Fay (313 F. 2d 620) involved a person on “ parole ” who according to section 213 of the New York Correction Law, is “ in the legal custody of the warden of the prison ’ ’.
With respect to the relief in the nature of prohibition sought by the relator, the proceeding is on firmer ground. In the first place when the court declared a mistrial no order was made from which an appeal could be taken. Secondly, although the relator could move for a dismissal on the retrial, it has been held that he need not await a retrial to raise the defense of double jeopardy (Matter of McCabe v. County Court, 24 Misc 2d 472; Matter of Nolan v. Court of Gen. Sessions, 15 A D 2d 78, affd. 11 N Y 2d 114). To quote from Matter of Martinis v. Supreme Court (20 A D 2d 79, 86). “‘Prohibition is the traditional remedy ’ where double jeopardy is claimed to exist (Matter of Kraemer v. County Court of Suffolk County, 6 N Y 2d 363).”
The record here clearly reveals that to retry the relator would constitute double jeopardy. Section 428 of the Code
*804 of Criminal Procedure authorizes a discharge of a jury in three situations after they have retired to consider their verdict and before agreement thereon. Only the second subdivision is relevant to the facts of this case. It provides: “ 2. When after the lapse of such time as shall seem reasonable to the court, they shall declare themselves unable to agree upon a verdict ”. Disregarding the questions whether less than two and a half hours of deliberation by the jury was a “ reasonable ” period for the jury to reconcile their views, it is clear that two of the jurors felt that further deliberation might serve a useful purpose. As stated in People ex rel. Stabile v. Warden (202 N. Y. 138, 150): “A declaration even by a minority of the jurors that in their opinion a further deliberation by them would lead to an agreement would under our .statute require the court to send the jury back for such deliberation.” While the two jurors did not, it is true, state that in their opinion “ further deliberation * * * would lead to an agreement ” they did not “declare themselves unable to agree upon a verdict ’ ’ as required to warrant a discharge under section 428 of the Code of Criminal Procedure. To further quote from the Stabile case (supra, p. 151) “Where a jury is arbitrarily discharged in a criminal case without the consent of the defendant and no circumstances exist calling for or permitting the exercise of discretion by the court, the defendant has by reason of the trial that thus comes to a sudden end been placed in jeopardy within the constitutional provision, and such discharge is a reason within the Constitution why the defendant should not be again brought to trial upon the same indictment.” The respondent is a quasi-judicial officer (People v. Fielding, 158 N. Y. 542). “It is his duty to conduct criminal investigations * * * prepare criminal cases for trial before the various courts * * * call witnesses and present evidence in open court and do everything necessary to convict those guilty of crimes and offenses. In his official capacity he has the power to withhold prosecution forever.” (Matter of McDonald v. Goldstein, 191 Misc. 863, 865, affd. 273 App. Div. 649.) As a quasi-judicial officer he may be prohibited pursuant to article 78 of the CPLE from proceeding in a matter of which he no longer has jurisdiction. As the effect of the unauthorized discharge of the jury was an acquittal of the relator (People ex rel. Stabile v. Warden, supra, p. 152) the respondent is without jurisdiction to again prosecute him on the offense involved.