■ In the Matter of FRANK SAUNDERS, Petitioner, v. VINCENT A. LUPIANO et al., as Justices of the Supreme Court of the State of New York, County of New York, Respondents. — Application for an order pursuant to article 78 CPLR, directed to and against the Justices of the Supreme Court of the State of New York, County of New York, denied, without costs or disbursements, and without prejudice to renewal by petitioner of his application for youthful offender treatment without waiving his rights to trial by jury. We fully agree with the reasoning of the dissenting memorandum insofar as it concludes that the

petitioner is entitled to a jury trial as a matter of right, but we deny this application solely on the ground that the subject matter of this proceeding is not a proper one for article 78 relief. Except where otherwise provided by law, a proceeding under CPLR 7801 shall not be used to challenge a determination which was made in a civil action or criminal matter unless it is an order summarily punishing a contempt committed in the presence of the court. (CPLR 7801, subd. 2.) The petitioner is not entitled to the relief sought since he has a complete remedy by appeal from a judgment of conviction, if there be one. (*Matter of Burton* v. *Marshall,* 20 N Y 2d 797; *Matter of Bloeth* v. *Marks,* 20 A D 2d 372.) Concur — Capozzoli, Rabin and McNally, JJ.; Eager, J. P., and McGivern, J., dissent in the following memorandum: McGivern, J. (dissenting). In my view, the application should not be dismissed but remanded, that respondents may proceed in conformity with the views expressed herein. Petitioner commenced this special proceeding, pursuant to CPLR article 78, for an order directing respondent the Honorable Vincent A. Lupiano, a Justice of the Supreme Court, New York County, to approve petitioner for an examination to determine whether he is eligible for Youthful Offender treatment pursuant to section 913-g of the Code of Criminal Procedure. Petitioner was indicted for robbery in the first degree (two counts), robbery in the second degree (two counts), grand larceny in the third degree (two counts) and possessing a weapon. At the time of his arraignment, before Justice Lupiano, petitioner was 18 years of age. He had no previous convictions. He had been recommended by the District Attorney and by the Grand Jury for investigation for possible Youthful Offender disposition, but he declined to sign the consent for investigation due solely to the provision that he must waive a jury trial, which requirement Mr. Justice Lupiano, found to be constitutional. The court below, acting through Mr. Justice Lupiano, did determine that in all respects, save his refusal to sign the waiver petitioner was eligible for the investigation and that the court would have ordered the investigation had petitioner signed the waiver. Accordingly, the narrow question presented is whether a defendant who is charged with a felony may be precluded from treatment as a Youthful Offender solely because he insists upon a jury trial upon the question of his guilt or innocence. In view of the Supreme Court's recent application to the States of the Sixth Amendment's right to a jury trial in cases involving serious crimes (*Duncan* v. *Louisiana,* 391 U. S. 145) the conclusion is inescapable that the denial of Youthful Offender treatment to petitioner solely because of his refusal to waive a jury trial was constitutionally impermissible. Recent decisions of the United States Supreme Court have explicitly held that Legislatures may not coerce or "needlessly encourage" a defendant to waive the exercise of a constitutional right either by granting the defendant a special benefit in consideration for the waiver or by penalizing the defendant for his failure to waive a constitutional right. (*Gardner* v. *Broderick,* 392 U. S. 273; *United States* v. *Jackson,* 390 U. S. 570; *Simmons* v. *United States,* 390 U. S. 377; *Garrity* v. *New Jersey,* 385 U. S. 493; *Spevack* v. *Klein,* 385 U. S. 511; *Griffin* v. *California,* 380 U. S. 609. See, also, *Nieves* v. *United States* (280 F. Supp. 994, 1001) a case where a three-Judge Federal District Court, following the rationale of the recent Supreme Court decisions, has squarely held that the Federal Juvenile Delinquency Act, which presents youths with the indentical dilemma as the New York Youhtful Offender Law, "penalizes and makes costly the assertion of his Sixth Amendment right to jury trial; therefore it is unconstitutional to the extent that it requires a juvenile defendant to waive his right to jury trial in order to be proceeded against under the Act". Although treatment as a Youthful Offender is a matter of privilege and not of right we do not in fact here deal with discretionary power because respondent Justice Lupiano, clearly

stated that he would have ordered an investigation concerning Youthful Offender treatment for petitioner if he had not believed that he lacked the power to do so in the absence of a jury waiver. Petitioner does not seek to compel the respondent Justice to exercise his discretion in any particular manner, but merely that he be enabled to exercise discretion. Under these special circumstances an article 78 proceeding is available. (See *Matter of Gimprich* v. *Board of Educ.*, 306 N. Y. 401; *Matter of Hogan* v. *Court of General Sessions*, 296 N. Y. 1; *Matter of Culver Contr. Corp.* v. *Humphrey*, 268 N. Y. 26, 39, 40; *Matter of Clark* v. *Flynn*, 9 A D 2d 249; *Matter of Adamo* v. *Justices of Supreme Ct.*, 28 A D 2d 653; *Matter of Martinis* v. *Supreme Ct.*, 20 A D 2d 79, 86, revd. on other grounds 15 N Y 2d 240; *Matter of Fish* v. *Horn*, 20 A D 2d 395, affd. 14 N Y 2d 905; *People ex rel. Luetje*, 45 Misc 2d 802; *Matter of Flahavan* v. *Allen*, 51 Misc 2d 1063, 1065.) The cases cited by the majority are inapposite. In *Burton* (20 N Y 2d 797) the court did not reach petitioner's claim that his constitutional rights were violated while here we deal with a determination mandated by a decision of the United States Supreme Court. *Bloeth* (20 A D 2d 372) dealt with a purely discretionary order. Here, an eventual appeal is an inadequate remedy and although it may be said that it is desirable for the issue to be raised on an appeal, " the problem is before us and all interested parties were given a full opportunity to be heard" and it serves no useful purpose to dismiss the proceeding without rendering the proper direction. (See *Clark* v. *Flynn, supra*, p. 252.) It is true that CPLR 7801 provides that generally an article 78 proceeding should not be used to challenge a determination which " can be adequately reviewed by appeal to a court ", or " which was be made in a civil action or criminal matter ". But CPLR 7803 provides that a question which may be raised in an article 78 proceeding against a " body or officer" is whether the court " proceeded, is proceeding or is about to proceed without or in excess of jurisdiction " (a body or officer includes a court — CPLR 7802).