Johh R. Starkey, J.
These two cases heard together although different in detail raise a common question: Is there a right to a trial by jury on a youthful offender information?
These defendants were 16 years of age at the time of their arrest. They were indicted for felonies. They subsequently executed a consent for a prepleading investigation and waived a trial by jury. Thereafter, through counsel, they filed a demand for a jury and later, on November 6,1968, made the same demand by notice of motion.
The defendants contend that they are entitled to a trial by jury on a youthful offender information. Further, that they did not waive their right and even if they did, they made a timely repudiation.
I will not discuss the propriety of the waiver nor its repudiation since our statute demands that the defendants consent to a prepleading investigation and a trial without a jury, should a trial be had. The sole issue is whether subdivision 3 of section *527 913-g and section 913-h of the Code of Criminal Procedure setting forth that if a trial is to be had it will be without a jury1, violate the defendants ’ constitutional rights.
Title VII-B of the Code of Criminal Procedure is entitled “ Proceedings Respecting Youthful Offenders ”. A quick examination of the sections readily discloses the benefit to the “ youth ” accorded this treatment. It is enough to say that regardless of the outcome, he avoids the stigma of a criminal conviction and all its consequences. However, the according of this treatment to a “ youth ’ ’ is not a right, but a privilege.
Last year the United States Supreme Court decided in the Matter of Gault (387 U. S. 1) that juvenile court proceedings are required to meet constitutional standards of due process as to notice, right to counsel, privilege against self incrimination and the right to confront and cross-examine sworn witnesses. Early this year the United States District Court sitting as a three-Judge statutory court in Nieves v. United States (280 F. Supp. 994) stated that the Federal Juvenile Delinquency Act was unconstitutional to the extent that it required a juvenile delinquent to waive his right to a jury trial in order to be proceeded against under the act. That court relied upon the Matter of Gault (supra). I cannot extend Matter of Gault as the court did in Nieves v. United States (supra). I do not read a mandate of a jury trial in the Matter of Gault-, on the contrary, I am of the opinion that the court expressly excluded same.
The Assistant Attorney General of Arizona in his brief in the Matter of Gault, argued that:
“ The Arizona Juvenile Code is constitutional. The function of the juvenile court will be destroyed if injected with the rights of due process as construed in the criminal system.
“ Constitutional and legal objections respecting the right to trial by jury, the want of arraignment in plea, the suspending of judgment or sentence, the manner of examination or trial, that the child is required to be a witness against himself, the want of notice to the parent, the dispensing with a warrant and arrest of the child and bringing him before the court, and all like questions have been fully discussed and, in the vast majority of cases, rejected.”
So that it can be seen that the question of the jury trial was before the court. At page 13, the court said: “ We do not even consider the entire process relating to juvenile ‘ delinquents ’. For example, we are not here concerned with the procedures or constitutional rights applicable to the pre-judicial stages of the juvenile process, nor do we direct our attention to the post-adjudicative or dispositional process. We consider only the *528 problems presented to us by this case. These relate to the proceedings by which a determination is made as to whether a juvenile is a ‘ delinquent ’ as a result of alleged misconduct on his part ”. The only interpretation I can make is that the court was ruling on the manner in which the trial or proceeding was to be conducted.
At page 14, the court continues: ‘ ‘ From the inception of the juvenile court system, wide differences have been tolerated — indeed insisted upon — between the procedural rights accorded to adults and those of juveniles. In practically all jurisdictions, there are rights granted to adults which are withheld from juveniles. In addition to the specific problems involved in the present case, for example, it has been held that the juvenile is not entitled to bail, to indictment by grand jury, to a public trial or to trial by jury. ’ ’
On page 19, the court quotes the Chairman of the Pennsylvania Council of Juvenile Court Judges, who said: “Unfortunately, loose procedures, high-handed methods and crowded court calendars, either singly or in combination, all too often, have resulted in depriving some juveniles of fundamental rights that have resulted in a denial of due process. ’ ’
The court, in a footnote at page 19, quotes the late Chief Justice of the New Jersey Supreme Court: “ The indispensable elements of due process are: first, a tribunal with jurisdiction; second, notice of a hearing to the proper parties; and finally a fair hearing.”
At page 30, the court quotes from Kent v. United States (383 U. S. 541, 562): “We do not mean * * * to indicate that the hearing to be held must conform with all the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment.”
It thus seems obvious that the court was setting down guidelines by which juveniles were to be tried and did not consider a trial by jury essential to due process and fair treatment of juveniles.
The defendants further cite the case of Duncan v. Louisiana (391 U. S. 145), wherein the Supreme Court decreed that the jury mandate of the Sixth Amendment applies to all serious crimes and Mr. Justice White, writing for the court, holds that crimes punishable by two years in prison are serious crimes. The court (p. 152), set forth a history of trial by jury stating that: “The Declaration of Independence stated solemn objections to the King’s making ‘ Judges dependent on his Will alone, for the tenure of their offices, and the amount and payment of *529 their salaries, ’ to his ‘ depriving us in many cases, of the benefits of Trial by Jury,’ and to his ‘ transporting us beyond the Seas to be tried for pretended offenses. ’ ’ ’
The Constitution itself in article III (§ 2, subd. 3) commanded : ‘ £ The trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed ”.
The Bill of Rights including the Sixth Amendment was later adopted and it provided among other things: “ In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed.”
It is noteworthy that in the State of New York the wish of our founding fathers has come to pass. Our County, Supreme and Appellate Judges are nominated and elected by the People and are responsible not to the £ 1 King ’ ’ but to the People they judge.
The court goes on to say (p. 155): ££ A right to jury trial is granted to criminal defendants in order to prevent oppression by the government ” and that (p. 156) ££ the deep commitment of the Nation to the right of jury trial in serious criminal cases as a defense against arbitrary law enforcement qualifies for protection under the Due Process Clause of the Fourteenth Amendment, and must therefore be respected by the States.”
The decision in the Duncan case is a landmark decision however the court refers to criminal cases and criminal prosecutions, but the mandate that all defendants in serious criminal prosecutions have the right to be tried by a jury does not apply to youthful offender proceedings which are not criminal prosecutions, nor do they result in criminal disability.
The defendant further cites the Matter of Saunders (30 A D 2d 803). The Matter of Saunders, decided by the First Department, relies upon the Duncan v. Louisiana case (supra) and Nieves v. United States (supra). I cannot agree with the learned court in its extension of the doctrine in the Duncan and Nieves cases for the reasons I have set forth above.
Finally, the defendants cite the cases cited in the Matter of Saunders (United States v. Jackson, 390 U. S. 570; Gardner v. Broderick, 392 U. S. 273; Simmons v. United States, 390 U. S. 377; Garrity v. New Jersey, 385 U. S. 493; Spevack v. Klein, 385 U. S. 511; Griffin v. California, 380 U. S. 609) which I have read and find inapposite to the point at issue. Those cases refer to criminal or possible criminal prosecutions and the ££ Hobsons Choice ” given a defendant in one form or another. The position of the defendants herein is that such a choice is given them in youth *530 ful offender proceeding to wit, to go to trial as a youthful offender without a jury or on the indictment as an adult with a jury. In People v. Towler (30 A D 2d 876) cited by the defendants, the Appellate Division, Second Department, decided that the “ Hob-sons Choice ” given in a youthful offender proceeding, that is, to plead guilty to being a youthful offender, or go to trial on the indictment, would render the statute unconstitutional. In that case the defendant argued in his brief that, “ if the statute is construed to empower the trial court to withhold eligibility because the defendant chooses to plead ‘ not guilty ’, then the statute is unconstitutional because it empowers the Court to penalize a defendant for asserting his Fifth Amendment right not to plead guilty and his Sixth Amendment right to trial.” The defendant Towler cited United States v. Jackson (supra); Matter of Gault, (supra); Nieves v. United States (supra). The question of a trial by jury in youthful offender proceedings (6th Arndt.) was raised before the court and the court did not pass upon it, but the court stated (p. 876): “In our opinion, under title VII-B of part VI of the Code of Criminal Procedure the court must determine eligibility for youthful offender treatment solely on the basis of, and at the termination of, investigations, examination and questioning. Once eligibility is determined, the court can require the defendant to enter a plea of ‘ guilty ’ or ‘ not guilty ’ to the charge of being a youthful offender. The statute does not give the court the power to require a plea prior to the determination of eligibility or to condition such determination on the willingness of the defendant to plead guilty or not guilty. To construe the statute otherwise would render it unconstitutional. ’ ’
In conclusion, I shall not declare void and unconstitutional a statute which I find has been so beneficial in its application. If this is to be done at all it should be done at the appellate level rather than at the trial level (People v. Reed, 276 N. Y. 5). Accordingly, the motions are denied.