WALDEN, Judge.
This is an appeal from a Circuit Court order which discharged a writ of habeas corpus after hearing.
Appellants are parents of two minor children. In 1967 the State Department of Public Welfare invoked the jurisdiction of the Juvenile Court based upon allegations that the children were dependent children under the laws of Florida. After a full evidentiary hearing, the Juvenile Court found them to be dependent children and placed them in the permanent custody of the State Department of Public Welfare.
The parents did not appeal as they were entitled to do.[1] After the time for appeal had expired, they filed a petition for habeas corpus in the Circuit Court and thereby did collaterally attack and solely seek review of the Juvenile Court order. The impropriety of attempting to use habeas corpus proceedings as an appeal vehicle is manifest in Florida jurisprudence and stands as a support for the decision here on appeal.[2]
We go on, however, to examine the single question presented to us on appeal by the parents. It is:
“Whether the natural parents of children are afforded procedural due process when they are not parties to an action which results in the placement of their natural children with the welfare department for permanent adoption.”
What are the procedural rights of parents in Florida Juvenile Court proceedings such as this ? [3] It is mandatory by statute that Juvenile Courts, after investigation of the petition, shall summon the parents of the child, reciting the substance of the petition ;[4] that personal appearance shall obviate service;[5] that jurisdiction attaches to the Juvenile Court when the summons is served on the parents;[6] but the inability to notify the parents shall not affect the va *41 lidity of the Juvenile Court Proceedings; [7] and hearings shall be provided and evidence presented according to equity proceedings.[8] Also, before commitment actual notice to parents shall be made;[9] notice may also be by publication;[10] or notice may be waived by the parents.[11] Although it is not required, an answer by the parents may be made and other pleadings may be pleaded.[12]
As to the setting, purpose, and emphasis with reference to the Juvenile Court Act, Justice Thornal spoke for the Supreme Court in Noeling v. State, Fla.1956, 87 So. 2d 593, as follows:
“It is perfectly obvious from an examination of the language of the entire Act as well as the consideration of its legislative history and its historical background that it was the purpose and intent of the Legislature in enacting the Act under consideration to provide a forum which could consider the problems of dependent children in an informal fashion without the necessity of applying the strictness and technicalities that often accompany routine litigation. This is so for the reason that the statute is permeated with indications that in arriving at his conclusion, the Juvenile Judge should in every instance be guided by an effort to consider first and primarily the welfare of the child. While the rights of the parents must, of course, always be observed, nevertheless, these parental prerogatives are to be evaluated in the light of what appears to be the best interests of the juvenile.
“ * * *
“ * * * [t]hat the parents of the child should be specifically notified that the drastic action of depriving them of their natural right to their child is contemplated and that they should have an opportunity to defend against the contemplated action by the State.”
In the instant case we have not been furnished with a transcript of the proceedings in either the Juvenile Court or the Circuit Court. Thus, for as much as we are advised, it is presumed that the appellants were accorded in the trial court every statutory and constitutional safeguard and right to which they were entitled.
The Juvenile Court order confirms the inappropriateness of appellants’ position. From it, we see there was a full scale hearing with a host of witnesses. Appellants were present throughout the hearings and participated fully in all proceedings. They testified and cross examined witnesses. They produced witnesses in support of their position. They were represented by counsel at all stages except upon the final day of the hearing when they elected to go forward without counsel after having been advised by the Court that a delay would be granted in order that they might obtain other counsel if they wished.
By way of fundamental, we know that habeas corpus proceedings in the trial courts are presumed to be valid and that fundamental rights are safeguarded[13] Also, the appellants must demonstrate error if they are to prevail in proceedings of this kind.[14] Finally, there is no showing that *42 appellants ever raised the question at hand in the Juvenile Court despite their active participation and hence were barred from raising it upon any appellate review.[15]
In sum, we hold that:
1. The procedural vehicle of habeas corpus was not available as a substitute for an appeal from the Juvenile Court order.
2. Regardless of whether they were denominated as parties it appears on the face of the order that appellants were in substance accorded full due process of law as if they had been named as parties.
3. Appellants have failed to demonstrate error.
Affirmed.
OWEN, J., concurs.
CROSS, C. J., dissents, with opinion.

. Section 39.14, F.S.A., details the procedure for taking appeals from Juvenile Court proceedings. Also see State ex rel. Singleton v. Walters, Fla.1963, 158 So.2d 513, upholding appellate procedure in Juvenile Courts.

. McGuire v. Cochran, Fla.1961, 135 So.2d 226; Hollingshead v. Wainwright, Fla. 1967, 194 So.2d 577; Ex parte Aulday, 1933, 113 Fla. 70, 151 So. 388; Neel v. Mayo, 1937, 126 Fla. 869, 172 So. 84; Cooper v. Sinclair, Fla.1953, 66 So.2d 702, cert. den. 340 U.S. 867, 74 S.Ct. 107; 98 L.Ed. 377.

. For whatever interest it may have, we take note that in the federal system there is no provision for even notice to parents or legal guardians and no provision for parents’ being made parties under the juvenile delinquency provisions of the Federal Code, where more drastically juveniles may be imprisoned and taken away from their homes and the custody of their parents. See 18 U.S.G. £ 5031 et seq.

. Section 39.06(2), F.S.1967, F.S.A.

. Section 39.06(1), F.S.1967, F.S.A.

. Section 39.06(6), F.S.1967, F.S.A.

. Section 39.06(5), F.S.1967, F.S.A.

. Section 39.09, F.S.1967, F.S.A.

. Section 39.11(5) (a), F.S.1967, F.S.A.

. Section 39.11(5) (b), F.S.1967, F.S.A.

. Section 39.11(5) (c), F.S.1967, F.S.A.

. Section 39.07, F.S.1967, F.S.A.

. Jones v. Cochran, Fla.1960, 125 So.2d 99; Little v. Wainwright, Fla.1964, 161 So.2d 213; Sloan v. Brown, 1934, 114 Fla. 739, 154 So. 514; Griswold v. State, 1919, 77 Fla. 505, 82 So. 44; State v. Cline, 1926, 91 Fla. 300, 107 So. 446; Baumgartner v. Joughin, 1932, 105 Fla. 335, 141 So. 185; State ex rel. Williams v. Coleman, 1938, 131 Fla. 872, 180 So. 360; State ex rel. McLean v. Coleman, 1939, 138 Fla. 689, 190 So. 34.

. Matera v. Buchanan, Fla.App.1966, 192 So.2d 18; Johnson v. Lindsey, 1925, 89 Fla. 143, 103 So. 419; Coleman v. State *42 ex rel. Race, 1935, 118 Fla. 201, 159 So. 504.

. State ex rel. Copeland v. Mayo, Fla. 1956, 87 So.2d 501.