(No. 41769.—

*In re* ROBERT H. FUCINI, Respondent.—(THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ROBERT H. FUCINI, Appellant.)

*Opinion filed January 28, 1970.*

EDWIN L. DOUGLAS, Public Defender, of Wheaton, (KEVIN P. CONNELLY, and THOMAS J. BENDA, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and WILLIAM V. HOPF, State's Attorney, of Wheaton, (JAMES B. ZAGEL, Assistant Attorney General, and HELEN C. KINNEY, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

A petition was filed in the circuit court of Du Page County, alleging that the appellant was a delinquent child in that he committed the offense of grand theft by exerting unauthorized control over an automobile of a value in excess of $150. A demand for trial by jury in the delinquency proceedings was made and denied. Upon an adjudicatory hearing without a jury the appellant was adjudged a delinquent child. This appeal questions the order of the court quashing the appellant's jury demand and the decree of the court adjudging the appellant a delinquent child. No questions are raised on the pleadings.

Appellant challenges the constitutionality of the entire Juvenile Court Act for reasons that it violates both the sixth and fourteenth amendments of the constitution of the United States and section 5 of article II of the Illinois constitution in that it makes no provision to accord a juve-

nile a trial by jury in a delinquency proceeding. Appellant further challenges, on the basis of the sixth and fourteenth amendments of the constitution of the United States and of section 5 of article II of the Illinois constitution, the interpretation of the statute placed upon it by the court.

The issues presented for review are: (a) whether the nature of the action guarantees to a juvenile the right to trial by jury in a delinquency proceeding, and (b) whether the option given a juvenile under the Illinois statutory scheme to elect to be tried as a criminal and thus obtain trial by jury constitutes an unconstitutional burden on the free exercise of the right to trial by jury.

Appellant argues that the sixth amendment right to a trial by jury made applicable to the States through the fourteenth amendment due-process clause (*Duncan* v. *Louisiana,* 391 U.S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444; *Bloom* v. *Illinois,* 391 U.S. 194, 20 L. Ed. 2d 522, 88 S. Ct. 1477) should be extended to apply to juvenile court delinquency proceedings in light of the United States Supreme Court decision in *In re Gault,* 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428.

The decision in *Gault* did not touch upon the precise question before us, *i.e.,* whether due process encompasses the right to trial by jury in a juvenile delinquency proceeding, and subsequent decisions by the court have avoided comment on this issue. *Cf. In re Whittington* (1968), 391 U.S. 341, 20 L. Ed. 2d 625, 88 S. Ct. 1507; *DeBacker* v. *Brainard* (1969), 396 U.S. 28, 24 L. Ed. 2d 148, 90 S. Ct. 163.

Since *Gault,* courts have ruled on this issue. Of these, *Commonwealth* v. *Johnson,* 211 Pa. Super. 62, 234 A.2d 9 (Sept. 15, 1967); *Estes* v. *Hopp,* 73 Wash. 2d 263, 438 P.2d 205 (March 5, 1968); *People* v. *K.,* 58 Misc. 2d 526, 296 N.Y.S. 2d 404 (Dec. 6, 1968); *Dryden* v. *Commonwealth* (Ky.), 435 S.W.2d 457 (Dec. 13, 1968); *State* v. *Turner* (Ore.) 453 P.2d 910 (Apr. 30, 1969); *In re John-*

*son* (Md.) 255 A.2d 419 (July 2, 1969), and *In re Alger,* 19 Ohio St. 2d 70, 249 N.E.2d 808 (July 9, 1969), have each held that the right to trial by jury did not extend to juvenile court proceedings. On the other hand, *Peyton* v. *Nord,* 78 N.M. 717, 437 P.2d 716 (Feb. 26, 1968); *Saunders* v. *Lupiano,* 30 A.D.2d 803, 292 N.Y.S. 2d 44 (July 16, 1968); and *Nieves* v. *United States,* 280 F. Supp. 2d 994 (D.C.N.Y., Mar. 5, 1968), have extended that right to juvenile proceedings. In *DeBacker* v. *Brainard,* 183 Neb. 461, 161 N.W.2d 508, (Oct. 4, 1968), appeal dismissed, Nov. 12, 1969, 396 U.S. 28, 24 L. Ed. 2d 148, 90 S. Ct. 163, four of the seven justices of the Nebraska Supreme Court thought the right to trial by jury should be extended to juvenile court delinquency proceedings; however, because of the requirement of the Nebraska constitution that "No legislative act shall be held unconstitutional except by the concurrence of five judges" (Neb. Const., art. V, sec. 2), the law there remains unchanged.

We review these decisions in light of *Gault* and *Duncan* and find that the due-process clause of the fourteenth amendment does not require that a jury trial be extended to juvenile court proceedings.

In *Gault,* the Supreme Court held that in certain respects, the adjudicatory hearing of a juvenile delinquency proceeding must comport with the essential requirements of procedural due process. It stated that "As to these proceedings, there appears to be little current dissent from the proposition that the Due Process Clause has a role to play. The problem is to ascertain the precise impact of the due process requirement upon such proceedings." (387 U.S. at 13.) The court, in carefully limiting its decision to "only the problems presented to us by this case" (387 U.S. at 13), held that the juvenile must receive notice of the charges, right to counsel, right of confrontation and the right of protection against self-incrimination. In quoting from *Kent* v. *United States,* 383 U.S. 541, 562, 16 L. Ed. 2d 84, 97-

98, 86 S. Ct. 1045, the court stated: " 'We do not mean * * * to indicate that the hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment.' We reiterate this view, here in connection with a juvenile court adjudication of 'delinquency,' as a requirement which is part of the Due Process Clause of the Fourteenth Amendment of our Constitution." (387 U.S. 30-31.) Accordingly, upon careful analysis of *Gault,* we find that the Supreme Court recognized fundamental differences between adult and juvenile proceedings and decided, wisely we believe, that to hold the full panoply of adult rights applicable to juvenile proceedings would strip those same proceedings of the unique benefits which they were designed to obtain.

This court in *In re Urbasek,* 38 Ill.2d 535, applying the *Gault* decision to our Juvenile Court Act, held that the quantum of proof necessary for a finding of delinquency should be the same as that in a criminal proceeding, *i.e.,* beyond a reasonable doubt. However, in that opinion, it was stated that: "Our ruling today, however, modifies, in only a single respect, the Illinois statutory scheme that could well act as a model among the States for protecting the rights of juvenile court defendants." 38 Ill.2d at 542.

We see no useful function to be obtained by adding still more formality into the juvenile process. "A jury trial, with all the clash and clamor of the adversary system that necessarily goes with it, would certainly invest a juvenile proceeding with appearance of a criminal trial, and create in the mind and memory of the child the same effect as if it were." *Dryden* v. *Commonwealth* (Ky.), 435 S.W.2d at 461.

Of significance, we think, is that the Report of the President's Commission on Law Enforcement and Administation of Justice, "The Challenge of Crime in a Free Society," upon which the Supreme Court relied so heavily in

*Gault,* makes no recommendation that the right of jury trial be extended to juvenile court proceedings. In the Commission's follow-up Task Force Report: "Juvenile Delinquency and Youth Crime" (1967), it is stated at page 38 that "Most States do not provide jury trial for juveniles. Even Illinois, New York and California, which have recently revised their juvenile court laws to increase procedural safegurds for the child, have not extended the right to trial by jury. There is much to support the implicit judgment by these States that trial by jury is not crucial to a system of juvenile justice. As this report has suggested, the standard should be what elements of procedural protection are essential for achieving justice for the child without unduly impairing the juvenile courts distinctive values." Accordingly, we find no violation of appellant's fourteenth amendment rights.

Neither do we find any violation of section 5 of article II of our constitution. In *Lindsay* v. *Lindsay,* 257 Ill. 328, which upheld the Juvenile Court Act of 1899, it was held that the section of the Act which then allowed a trial by jury of six did not violate the Illinois constitution. In citing *In re Petition of Ferrier,* 103 Ill. 367, and *County of McLean* v. *Humphreys,* 104 Ill. 378, the court stated that proceedings under the Act were not "according to the course of the common law in which the right of a trial by jury is guaranteed, but the proceeding is a statutory one, and the statute * * * [was] enacted since the adoption of the constitution. There was not, at the time of such adoption, the enjoyment of a jury trial in such a case." (257 Ill. at 335-336.) We find these cases dispositive of this issue.

It is finally argued that section 2—7(5) of the Juvenile Court Act (Ill. Rev. Stat. 1967, ch. 37, par. 702—7(5)), is invalid because it places an unconstitutional burden on the free exercise of the right to trial by jury. That section provides: "If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the

laws of this State, the minor, with the consent of his counsel, may, at any time before commencement of the adjudicatory hearing, file with the court a motion that criminal prosecution be ordered and that the petition be dismissed insofar as the act or acts involved in the criminal proceedings are concerned. If such a motion is filed as herein provided, the court shall enter its order accordingly." Respondent's argument is based primarily on *Nieves* v. *United States* (D.C. N.Y., 1968), 280 F. Supp. 994. In *Nieves,* the district court for the Southern District of New York held that portion of the Federal Juvenile Delinquency Act, (18 U.S.C. § 5033), allowing a juvenile to consent to be proceeded against as a juvenile delinquent and this consent to be deemed a waiver of a trial by jury, to be an unconstitutional burden on defendant's right to trial by jury. The court reasoned that the benefits accorded under the Federal Act exerted "strong pressure on any juvenile defendant to waive his Sixth Amendment right." (280 F. Supp. at 1000.) We do not agree with the decision reached therein. The argument advanced in *Nieves,* although persuasive at first blush, falters in that it does not recognize the inherent difference between juvenile and criminal proceedings. Our Juvenile Court Act is of statutory origin and is civil in nature, albeit, many of the rights accorded in adult tribunals are extended to juvenile court proceedings. The fact that the juvenile is given the option under the Juvenile Court Act to be proceeded against criminally, should not work to defeat the beneficial aspects of our Act. We do not perceive the same "Hobson's Choice" presented by this enactment as has been the basis of previous rulings of unconstitutionality. *Cf. United States* v. *Jackson* (1968), 390 U.S. 570, 20 L. Ed. 2d 138, 88 S. Ct. 1209.

Accordingly, the judgment of the circuit court of Du Page County is affirmed.

*Judgment affirmed.*