REED, Judge.
This is an appeal from an adjudication in the Juvenile Court for Indian River County, Florida.
This cause was commenced on 24 October 1969 by the filing of petitions alleging that the appellant, a female child age fifteen, is a delinquent within the meaning of the Florida Juvenile Court Statute, F.S. 1969, chapter 39, F.S.A. After the petitions were filed, a summons was issued from the Juvenile Court to the parents of the child. It was served on them on or about the 24th of October, 1969, and required them to attend a hearing before the Juvenile Court on 28 October 1969 and to bring the appellant with them. The summons did not recite the nature of the charge against the minor child.
It appears from the record that just before the hearing on 28 October a full statement of rights was read to the child and her mother. At that time the child and the mother were advised of the nature of the charges against the child. ■ After being advised of their rights the mother and child signed a document entitled “Refusal of Counsel.” This document in effect waived the right to have an appointed counsel for purposes of the hearing.
Testimony was taken and the trial judge adjudicated the minor a delinquent and or *275 dered her committed for an indefinite period to the Florida State Industrial School for Girls. Thereafter counsel entered the case for the child and filed a petition for a new trial. The petition for new trial was denied and this appeal followed.
Witnesses appearing at the 28 October hearing testified that on one occasion the appellant had improperly displayed a razor blade by flashing it in the face of one of her fellow students at Vero Beach High School in Indian River County and by making a pass with it at the student’s leg. On a different occasion, according to some of the testimony, the appellant with a razor blade cut a lock of hair from the head of another student. The appellant denied both incidents.
The first question presented by appellant is whether or not she and her parents were adequately advised of the charges against her. F.S.1969, section 39.-05, F.S.A., provides that a counselor or any other person may file in the juvenile court a petition relating to the alleged delinquency of a child. The statute requires the designation in the petition of the name, age, and residence of the child and the facts which are deemed to constitute the child a delinquent. Under F.S.1969, section 39.05(4), F.S.A., a petition is sufficient if it clearly states in such manner as to apprise the parents of the nature of the alleged delinquency the substance of the facts which if true constitute the child a delinquent.
Unfortunately there is an hiatus in the statutory scheme because, although the petition is by statute required to be drawn in a reasonably precise manner, there is no provision for service of the petition on the child or its custodian. F.S.1969, section 39.06(2), F.S.A., does provide that the summons which is served on the child’s custodian shall recite “briefly” the substance of the petition. In the present case the summons served on appellant’s mother recited only that the child was allegedly a delinquent within the meaning and intent of the applicable law.
Since there is no provision in the statute which requires that the initiating petition be served upon the minor and its parents, the summons is the only accusatorial document served. It, therefore, must provide adequate notice to the minor and its parents to satisfy the requirements of due process of law. Accordingly, the summons must set forth the alleged misconduct with reasonable particularity and be given sufficiently in advance of the scheduled court hearing to provide a reasonable opportunity for preparation to meet the charges. Application of Gault, 1967, 387 U.S. 1, 87 S.Ct. 1428,1446, 18 L.Ed.2d 527.
We have no hesitancy in holding that the summons which was served on the minor’s parents in this case neither satisfied the requirements of due process of law nor the requirements of F.S.1969, section 39.06(2), F.S.A. The summons was defective in that it did not specify with sufficient particularity the nature of the charges which the minor and its parents would be called upon to answer at the hearing to which they were summoned. We do not hold, however, that the summons was served an inadequate period of time prior to the scheduled hearing.
The state in its brief argues that the minor child and her parents, even without an adequate notice, had ample knowledge of the nature of the charges which the minor would be called upon to answer at the hearing. We find no support for this conclusion in the record, but even if there were, such knowledge would not satisfy the notice requirement due process imposes on the state.
The second issue presented by the appellant is whether or not she and her parents were adequately informed as to their various procedural rights. The argument of the appellant is that although she and her parents were fully advised on the *276 morning of the hearing as to their procedural rights, such advice was given her by a court counselor and not by the judge of the Juvenile Court. We fail to see any merit in this contention. We are totally unable to find any requirement, constitutional or otherwise, that would require the Juvenile Judge personally to perform this task when it has adequately been performed by other court personnel.
The next issue is whether or not the appellant’s right to immunity from self-incrimination was invaded by several questions asked her by the Juvenile Court Judge during the course of the hearing. The judge asked the appellant whether or not she had made certain statements to a police officer which were inconsistent with testimony given by her during the juvenile court hearing. We are unable to determine from the record whether or not the statements given by appellant to the police officer were made under circumstances that entitled appellant to Miranda warnings; however, because the cause is to be remanded for a new trial, the trial court should determine on remand whether or not at the time the statements to the officer were made the child was under arrest or otherwise significantly deprived of her liberty. If so, the statements made by the child to the officer should not be used as direct evidence or for impeachment, unless it is first determined that the child was accorded the procedural rights specified in Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. See also State v. Galasso, Fla. 1968, 217 So.2d 326, 329.
The appellant’s final contention is that she was not advised of her right to a jury trial. Apparently the appellant assumes that she was entitled to a jury trial in the Juvenile Court, although appellant’s brief is far from clear on this. It is our conclusion that no right to a trial by jury exists with respect to a proceeding in the Juvenile Court under the Florida juvenile court statute; therefore, the appellant’s contention that she was not advised of such right is without merit.
Based on Article V, Section 12, of the Florida Constitution, F.S.A., the juvenile court statute provides that hearings before the Juvenile Judge shall be without a jury.* It is, therefore, clear under Florida statutory and organic law that a jury trial in juvenile court is neither required nor permitted.
The Sixth Amendment to the United States Constitution says:
“In all criminal prosecutions, the accused shall enjoy the right to a speedy and *277 public trial, by an impartial jury of the State and district wherein the crime shall have been committed, * * *” (Emphasis added.)
These provisions have been held to apply to the states through the Fourteenth Amendment to the United States Constitution. In the case' of Duncan v. Louisiana, 1968, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed. 2d 491, the United States Supreme Court held that a person who was charged in a Louisiana state court with simple battery, a misdemeanor punishable by a maximum of two years imprisonment and $300.00 fine, was entitled under the Sixth and Fourteenth Amendments to a trial by jury— even though the Constitution of Louisiana did not permit a jury trial for the offense. Then in the case of Baldwin v. State of New York, 1970, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437, the Supreme Court decided that a jury trial must be provided in any criminal prosecution if the maximum possible penalty exceeds six months imprisonment. In a similar type decision the Court in Bloom v. Illinois, 1968, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed. 2d 522, held that a person tried in a state court for criminal contempt and subjected to a two year term of imprisonment was entitled to a trial by jury.
To our knowledge, however, neither the United States Supreme Court nor the Supreme Court of Florida has held that a proceeding under a juvenile court statute is a criminal prosecution for purposes of the jury trial provisions of the Sixth Amendment. See DeBacker v. Brainard, 1969, 396 U.S. 28, 90 S.Ct. 163, 24 L.Ed.2d 148, wherein the United States Supreme Court expressly declined to pass upon a similar issue.
F.S.1969, section 39.10(3), F.S.A., provides :
“An adjudication by a juvenile court that a child is a dependent or delinquent child shall not be deemed a conviction, nor shall the child be deemed to have been found guilty or to be a criminal by reason of that adjudication, nor shall that adjudication operate to impose upon the child any of the civil disabilities ordinarily imposed by or resulting from conviction, nor to disqualify or prejudice the child in any civil service application or appointment.” (Emphasis added.)
These provisions of the juvenile court statute illustrate to some extent the difference between a proceeding thereunder and a normal criminal prosecution. But the essential and most important difference between a criminal prosecution and a juvenile court proceeding is the flexibility of the treatment which may be accorded the juvenile under the latter as distinguished from the rigid fine or imprisonment usually available under the former. See F.S. 1969, section 39.11, F.S.A. Because of the important differences between a proceeding under the state criminal laws and a proceeding under the Juvenile Court statute, F.S.1969, chapter 39, F.S.A., we conclude the latter is not a criminal prosecution for purposes of the Sixth Amendment jury trial provision. For supporting opinions from other state courts see In re Fucini, 1970, 44 Ill.2d 305, 255 N.E.2d 380; State v. Turner, Or.1969, 453 P.2d 910; and Dryden v. Commonwealth, Ky.1968, 435 S.W.2d 45L
The appellant has raised several other points which we have not overlooked, but deem them without merit.
The adjudication appealed from is reversed and the cause is remanded. On remand the court shall cause an amended summons to issue in accordance with the views expressed in this opinion, hold a de novo hearing on the charges specified in the amended summons, and prior to such hearing accord the appellant and her parents an opportunity to seek a transfer of the cause to an adult court pursuant to F. S.1969, section 39.02(6) (b), F.S.A.
Reversed and remanded.
OWEN, J., and McCAIN, DAVID L„ Associate Judge, concur.

 Under our juvenile court statute, a juvenile charged witli an act of delinquency which constitutes a violation of Florida law may demand that the juvenile court relinquish the jurisdiction to the state court which would, but for his status as a juvenile, have jurisdiction. See F.S.1969, section 39.02(6) (b), F.S.A. By so doing, the juvenile may secure a jury trial, but must face a criminal prosecution in the appropriate state court.
In Nieves v. United States, S.D.N.Y. 1968, 280 F.Supp. 994, the United States District Court for the Southern District of New York held that a similar provision in the Federal Juvenile Delinquency Act, 18 U.S.Code, Section 5032, 1964, was unconstitutional. The court reasoned that to require the juvenile to forego the benefits of the Federal Juvenile Delinquency Act and elect a normal criminal prosecution in order to gain a jury trial put an impermissible burden on the juvenile’s Sixth Amendment right to jury trial. In our opinion, the fallacy of tho court’s reasoning is in the assumption that a right to a jury trial exists with respect to a proceeding involving a juvenile under the Federal Juvenile Delinquency Act. The District Court seemed to rely on the decision of the United States Supreme Court in Application of Gault, 1967, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. We, however, do not believe that the Supreme Court in Gault decided the applicability of the Sixth Amendment right to jury trial to the state juvenile court proceeding there under consideration. For similar reasons we are unable to accept the view of the appellate division of the New York Supreme Court which recently held that a jury trial was required in a New York Family Court proceeding wherein the appellant was charged as a juvenile delinquent. See In re D, 1970, 34 A.D.2d 41, 310 N.Y.S.2d 82.