313 So.2d 761 (1975)
STATE of Florida, Petitioner,
v.
In the Interest of S.M.G., a Child, Mrs. Norwood Provost, Respondent.
No. 45266.
Supreme Court of Florida.
February 26, 1975.
Robert L. Shevin, Atty. Gen., and C. Marie Bernard, Asst. Atty. Gen., for petitioner.
John W. Bellamy of Bellamy & Barnes, West Palm Beach, for respondent.
*762 BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 291 So.2d 43. Conflict has been alleged between the decision sought to be reviewed and Graham v. State[1] and Hall v. State Department of Public Welfare.[2] The petition for writ of certiorari reflected apparent jurisdiction in this Court. We issued the writ and have heard argument of the parties. Upon further consideration of the matter, we have determined that the cited decisions present no direct conflict as required by Article V, Section 3(b)(3), Florida Constitution. The writ must be, and hereby is, discharged, for reasons which will be set out below.
The facts of the case are as follows.
Respondent petitioned the Juvenile Court for designation of her adopted fifteen-year-old daughter as a child in need of supervision. Since then, the child has been the subject of numerous court orders resulting from her misconduct, and she remains within the court's jurisdiction. An order dated May 9, 1973, found the child delinquent for unlawful possession of marijuana and placed the child on probation in the custody of a legal custodian directing that she "participate in and successfully complete the Seed Program". The court order also directed Respondent, the child's mother, to "participate in and fully cooperate with, the Seed Program". (As noted by the District Court, the Seed Program is an innovative drug rehabilitation program in Ft. Lauderdale, Florida; the success of the Seed Program depends greatly on the cooperation and personal participation on the part of the parents of the delinquent child.) Respondent refused to participate personally and, after a hearing, was found in contempt of court. Respondent appealed that order and sentence of 30 days imprisonment. The District Court held that the Juvenile Court lacked jurisdiction to enter the appealed order and, hence, that it was void; the order was reversed and the cause remanded with instructions to discharge the Appellant.
The District Court recognized that the Juvenile Court was a court of limited jurisdiction conferred upon it by authority of Section 39.02, Florida Statutes. It was held that the only specific provision found granting power over a parent is Section 39.11(2)(b), paragraph 4, Florida Statutes, 1971. Thereunder, where the delinquent child has been removed from the parent's custody, a court is empowered to order the parents to pay the person or institution having custody reasonable sums of money for the child's care, support and maintenance. The District Court emphasized that, since there is no other power to order a parent to do anything as a matter of first instance, the Juvenile Court did not have jurisdiction to initiate contempt proceedings in this instance. The District Court recognized that Graham v. State[3] illustrates an example of proper exercise of the contempt power (i.e., where a court enters a legal order placing a child in the custody of an institution and a parent, or for that matter, anyone, interferes with that order by removing or allowing the removal of the child from such custody, that person would be a proper subject of contempt proceedings).
Petitioner contends, inter alia, that the District Court overlooked the fact that the new Constitutional Article V, Section 20(c)(3), made the Juvenile Court a division of the Circuit Court with its accompanying jurisdiction and that Section 39.13, Florida Statutes, specifically provides the Juvenile Court with contempt powers. We disagree; the District Court made particular reference to both these matters in footnotes 1 and 3 of its opinion.
*763 Turning our attention to the cases with which conflict allegedly exists, we note significantly factual differences. In Graham v. State,[4] the grandmother of the delinquent child was given exclusive custody by the Juvenile Court of Seminole County and violated that order by returning the child to its father, an act of direct interference with the court's order. As the District Court below observed, the court properly exercised its contempt power in that case. In Hall v. State Department of Public Welfare,[5] the question involved the custody of children found to be dependent upon due hearing before the court and the propriety of a collateral attack on the court's order by the uses of habeas corpus as an appeal vehicle. Factually, both cases are distinguishable from the case sub judice.
As recognized by the District Court below, where a delinquent child has been removed from the parent's custody, a court is empowered to order the parents to pay the person or institution having custody reasonable sums of money for the child's care, support and maintenance;[6] nothing in the District Court's opinion modifies that statute. After a careful examination of Chapter 39, Florida Statutes, that court concluded that, other than the aforementioned financial support provision, the Juvenile Court lacked the power to order a parent of a delinquent child to do any other act. Since the Juvenile Court attempted to act beyond its power, its contempt order attempting to enforce its initial order against Respondent was void, as found by the District Court.
Accordingly, no direct conflict having been demonstrated, the writ must be, and hereby is, discharged.
It is so ordered.
ADKINS, C.J., and McCAIN and ERVIN (Retired), JJ., concur.
ROBERTS, J., dissents.
NOTES
[1] 144 So.2d 97 (Fla.App. 1962).
[2] 226 So.2d 39 (Fla.App. 1969).
[3] See Note 1, supra.
[4] Id.
[5] See Note 2, supra.
[6] Section 39.11, Florida Statutes.