SCHEB, Judge.
This appeal involves a question of whether the juvenile’s mother was properly notified of a hearing which resulted in the juvenile being certified for trial as an adult on felony charges.
The state charged the appellant, L.C.L., Jr., age 17, with theft of an automobile and with three counts of breaking and entering. The State Attorney moved to transfer the charges from the juvenile division for trial by the criminal division of the Circuit Court. At the hearing on the motion, held on December 17, 1974, the trial judge was informed that a notice of hearing had been mailed to the juvenile’s mother on December 2, 1974. Although there was no evidence the mother had received the notice, the court stated he would . . assume delivery was made of the notice and proceed with the hearing.” The court further noted that L.C.L., Jr. lived with his sister who had been contacted about the hearing, but who indicated a lack of interest in the matter. There was no evidence, however, that the sister was legal custodian of the appellant. On the day following the hearing, the trial court entered an order finding probable cause that the appellant had committed the four felonies. Pursuant to Fla.Stat. § 39.09 and RJP 8.110(b), the court ordered the cause transferred for prosecution in the circuit court on the same basis as if the appellant were an adult.
The appellant contends it was reversible error for the court to proceed with the waiver hearing without the required notification to his mother. We agree and reverse.
A State Attorney may file a motion requesting the juvenile judge to transfer for criminal prosecution a child 14 or more years of age at the time of the conduct charged, who is alleged to have committed an act which would be a violation of law if committed by an adult. Fla.Stat. § 39.-09(2) (a). Upon conduct of such a “waiver hearing” notice of the hearing shall be by summons as provided in Rule 8.090 RJP,[1] Subsection (d) of which provides as follows:
The summons shall be served upon the following persons:
(1) A parent having custody or the legal custodians, actual custodians, and guardian ad litem, if there be any other than the parents.

*135 No summons was issued and the child’s mother did not appear in person or by counsel. There is, in fact, no evidence that she received any notice of the hearing. True, there was evidence of a letter being forwarded to the appellant’s mother by certified mail, but there was no return receipt or other evidence to indicate she had actually received the notice of the hearing.
While we are not aware of any decisions dealing directly with the question of whether the notice requirements for waiver hearings are mandatory, there is an impressive line of cases which persuade us it is. In Williams v. Cochran, Fla.1961, 126 So.2d 887, the Supreme Court held that non-compliance with Fla.Stat. § 932.38 (now Fla.Stat. § 92S.07), which requires that notice be given to the parent of an unmarried minor, invalidated a conviction for the crime of escape. See also Di Marco v. Cochran, Fla.1961, 127 So.2d 674. In Hall v. Florida State Department of Public Welfare, Fla.App. 4th 1969, 226 So.2d 39, our sister court referred to the requirement of Fla.Stat. § 39.06(2), that a summons be issued to parents in a juvenile court proceeding as being mandatory, and In Re D, Fla.App. 4th 1971, 245 So.2d 273, held that a summons issued by Juvenile Court to a child’s parents which did not recite the nature of the charge against the minor was defective and neither satisfied the statutory requirements nor the basic requirement of due process of law. See also the opinions of this court in McIntosh v. State, Fla.App. 2d 1973, 274 So.2d 23, and Milligan v. State, Fla.App. 2d 1965, 177 So.2d 75. In each of the cited cases the court was scrupulous in preserving the parental prerogatives provided by statute.
Appellee recognizes that Fla.Stat. Ch. 39, and Rule 8.090 of Florida Rules of Juvenile Procedure, required that a summons be issued to the appellant’s mother, and is candid in admitting this omission in the proceedings below. The appellee contends, however, the issue here is the magnitude of consequences resulting from that omission, reasoning there was either an implicit waiver of the right, or that notification to the child’s sister satisfied the policy consideration behind the notice requirements. We cannot presume the appellant’s mother would have failed to provide some parental support which may have aided the child as well as the court in arriving at a decision, had she been properly notified. Nor, can we find a waiver of notice to the mother on basis of an attorney being present and representing the child in his own right. Milligan v. State, supra.
Accordingly, the order of the court below is reversed and the cause remanded for further proceedings consistent with this opinion.
HOBSON, A. C. J., and BOARDMAN, J., concur.

. See also Fla.Stat. § 39.06(4). We need not decide whether this statute remains effective in light of the rule quoted above. Cf. Davis v. State, Fla.1974, 297 So.2d 289.