Jasen, J.
(dissenting). I cannot agree with the majority’s characterization of the Deputy and Assistant Attorneys-General comprising the Task Force as quasi-judicial officers against whom the extraordinary remedy of prohibition will lie. In reaching its conclusion, the majority relies upon Matter of Dondi v Jones (40 NY2d 8), in which we held that a public prosecutor is a quasi-judicial officer who "under proper circumstances” is subject to prohibition. (Id., at p 13.) In my view, Dondi does not support the broad proposition that a prosecutor is a quasi-judicial officer per se. Rather, it merely recognizes that in exercising his prosecutorial function, a prosecutor, as an officer of the court, acts in a quasi-judicial capacity. This does not mean, however, that a prosecutor acts in a quasi-judicial capacity in exercising all aspects of his office.
In Dondi, prohibition was granted to restrain a Justice of the Extraordinary and Trial Term of the Supreme Court and a Special Prosecutor from trying an indictment accusing the petitioner of criminal conduct. The writ, addressed to both the court and the prosecutor, issued to prohibit the prosecution of the indictment. It was the trial of the indictment — a judicial proceeding — which was restrained, and not a criminal investigation, as here. Significantly, in those instances in which prohibition has been held to lie against a prosecutor, the writ has been addressed to both the court and the prosecutor, and issued to prohibit a criminal prosecution. (See, e.g., Matter of Abraham v Justices of N. Y. Supreme Ct., 37 NY2d 560; Matter of Cirillo v Justices of Supreme Ct., 34 NY2d 990; Matter of Simonson v Cahn, 27 NY2d 1; Matter of Nolan v Court of Gen. Sessions, 15 AD2d 78, affd 11 NY2d 114; but see People ex rel. Luetje v Ketcham, 45 Misc 2d 802 [prohibition issued against District Attorney to prohibit prosecution].)
Today’s case is a far cry from the conduct of the prosecutor prohibited in Dondi. Here, officers of the Task Force, as part of their investigation of petitioner and upon a showing of probable cause, obtained a search warrant for the purpose of obtaining evidence of criminal activity. In investigating whether the petitioners were engaged in criminal activity, prosecutors in the Task Force were not acting in a quasi- *239 judicial capacity, but, rather, in an executive capacity (cf. Toker v Pollak, 44 NY2d 211 [decided herewith]), much the same as a police officer who obtains a search warrant in conjunction with an investigation. Would one classify a police officer under these circumstances as a quasi-judicial officer against whom prohibition would lie? Certainly not. Similarly, until a prosecutor has commenced a criminal prosecution, we should not characterize him as a quasi-judicial officer. Hence, I would hold that the extraordinary remedy of prohibition does not lie to challenge the authority of the Task Force prosecutors in the course of their investigation of criminal activity.
To hold the extraordinary writ unavailable to prohibit the continued custody of petitioners’ records by the Task Force does not deprive petitioners of a remedy to secure the return of their records. The peculiar factual context in which this case comes before us — that is the expiration of almost two years since the Task Force’s seizure of petitioners’ records and the absence of’the commencement of any criminal prosecution against petitioners based upon the records obtained — suggests the applicability of an action in replevin.
As a general rule, replevin cannot be utilized to obtain property seized and held in the custody of the law for the purpose of its introduction at the trial of a pending criminal prosecution. The return of such property cannot be secured until legal custody ceases on the happening of either the conviction or acquittal of the defendant. (Simpson v St. John, 93 NY 363; Lynch v St. John, 8 Daly 142.) Similarly, the legal sufficiency of affidavits upon which issuance of a search warrant is premised cannot be collaterally attacked by means of a replevin action during the pendency of a criminal prosecution. (Meegan v Tracy, 220 App Div 600.)
Designed to prevent interference with a criminal court’s jurisdiction over criminal prosecutions, these limitations on the availability of a replevin action should not be blindly applied. In the present case, an action in replevin would not constitute a collateral attack waged against the sufficiency of the search warrant during the pendency of a criminal prosecution. No interference with the jurisdiction of the criminal courts would result. (Cf. Boyle v Kelley, 42 NY2d 88.)
Critical to my belief that an action in replevin constitutes an appropriate remedy to secure the return of petitioners’ records is the Task Force’s failure, in almost two years since the seizure of petitioners’ records, to have commenced a *240 criminal prosecution against petitioners. Admittedly, replevin should not serve as a device to force prosecutors to make a hasty decision either to commence a criminal proceeding or return property seized pursuant to a search warrant. To the same extent, however, prosecutors should not be permitted to seize property pursuant to a search warrant, review the material, and after the expiration of a reasonable amount of time, neither commence a criminal proceeding nor return the property to the rightful owner. Particularly in a case such as this where the property seized consisted of the petitioners’ business records, the right of the prosecutor to investigate criminal activity must, absent prosecution within a reasonable period of time, give way to the owner’s right to possession of his property.
This is not to say that replevin would have been available to secure the return of petitioners’ records on the date of the commencement of the instant proceeding. Certainly, the expiration of 22 days after the seizure of petitioners’ records by the Task Force is not an unreasonable period to retain property pending a determination whether to prosecute. Nevertheless, because of my belief that prohibition does not lie, as well as the peculiar factual context presented by this case, I am of the opinion that replevin presently constitutes an appropriate procedural vehicle to secure the return of petitioners’ records. I would add further only that, in my view, replevin should be deemed an appropriate remedy in any case in which after the expiration of a reasonable period of time the prosecutor has neither commenced a criminal proceeding nor returned the seized property.
Concerning the inappropriateness of replevin alleged by the majority to exist because of the ability of the Task Force to post an undertaking permitting its retention of petitioners’ business records, I would suggest that this procedure provides the Task Force with no greater right than it would possess in an article 78 proceeding — that is, custody of the records during the pendency of the action.
For these reasons, I would reverse the jugment of the Appellate Division and dismiss the petition.
Chief Judge Breitel and Judges Jones, Wachtler, Fuchs-berg and Cooke concur with Judge Gabrielli; Judge Jasen, dissents and votes to reverse in a separate opinion.
Judgment affirmed, with costs.