(No. 42196.—

*In re* KIMMEL JONES, Respondent.—(THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* KIMMEL JONES, Appellant.)

*Opinion filed October 7, 1970.—Rehearing denied Dec. 3, 1970.*

PHILIP C. ZIMMERLY, of Champaign, for appellant.

LAWRENCE E. JOHNSON, State's Attorney, of Urbana, (ANITA C. SMITH CRAWFORD, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On January 3, 1969, a petition was filed in the circuit court of Champaign County alleging that respondent Kimmel Jones, then 16-years-of-age, was a delinquent minor in that on December 24, 1968, he committed the offense of reckless conduct (Ill. Rev. Stat. 1967, ch. 38, par. 12—5) by placing an explosive device in a mail box at the home of Everett Smith. The petition was signed by Delmar Dawkins, stating that he knew "the contents thereof and that the same are true to the best of his knowledge, information and belief."

Summons was properly served directing respondent's appearance on January 22, 1969. The adjudicatory hearing was continued until January 27, 1969. On January 23, 1969, pursuant to leave of court, Jones filed his motion to dismiss in which he argued that the petition was insufficient in that it was "verified on information and belief, contrary to the Illinois Constitution, Article II, Section 6." The motion was denied. Respondent then requested a jury trial, which was denied.

At the adjudicatory hearing, respondent moved for the exclusion from the court room of all witnesses, the general public, and representatives of the news media. Specifically, respondent waived "the right to have \* \* \* any form of a public hearing." No objection being interposed by the State, the court ordered the exclusion of witnesses, the general public and the press. Jones also filed a motion for a preliminary conference with a probationary officer (Ill. Rev. Stat. 1967, ch. 37, par. 703—8), and a motion for change of venue because of adverse publicity, both of which were denied. After the rulings and a short recess, the judge informed counsel that certain representatives of the news media had formally requested to be readmitted to the court room during the proceedings. Over respondent's objection, the judge allowed the newsmen to be present in the court-room, subject, however, to the condition that nothing be published regarding what transpired in the proceedings until further order of the court.

Thereafter, the State's Attorney made an opening statement of the facts of the case. Contending that he wished to avoid further adverse publicity, respondent made a judicial admission of the facts as presented by the State. The court then entered a finding that respondent was a delinquent minor and adjudged him a ward of the court.

Respondent has appealed directly to this court raising several constitutional issues. First, he claims that he was deprived of his constitutional right to a jury trial. However, in *In re Fucini*, 44 Ill.2d 305, we held that neither the Illinois nor the United States constitution requires a jury trial in proceedings under the Juvenile Court Act. (Ill. Rev. Stat. 1967, ch. 37, par. 701—1 *et seq.*) Accordingly, the trial court's action in denying respondent's jury demand was proper.

It is next argued that the trial court erred in admitting the members of the news media to the adjudicatory hearing.

Essentially, he contends that the sixth amendment right to a public trial is a personal right of the accused which can be waived. Section 1—20(6) of the Juvenile Court Act (Ill. Rev. Stat. 1969, ch. 37, par. 701—20(6)) provides that "The general public except the news media shall be excluded from any hearing and, except for persons specified in this Section, only persons, including representatives of agencies and associations, who in the opinion of the court have a direct interest in the case or in the work of the court shall be admitted to the hearing." However, it is clear that the legislature intended that openness should prevail throughout the proceedings. We are of the opinion that section 1—20(6) serves the dual function of not only protecting a respondent's right to a "public trial" but also preserves the right of the general populace to know what is transpiring in *its* courts.

In *Singer* v. *United States* (1965), 380 U.S. 24, 34-35, 13 L. Ed. 2d 630, 638, 85 S. Ct. 783, Mr. Chief Justice Warren, speaking for a unanimous court stated: "The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right. For example, although a defendant can, under certain circumstances, waive his constitutional right to a public trial, he has no absolute right to compel a private trial * * *." The right of the public to know what is transpiring in the courts so they may properly evaluate the work of their servants—judge, prosecutor, sheriff and clerk—is equally as important as guaranteeing to the defendant a fair and impartial trial. (*Bridges* v. *California* (1941), 314 U.S. 250, 86 L. Ed. 192, 62 S. Ct. 190; *Pennekamp* v. *Florida* (1946), 328 U.S. 331, 90 L. Ed. 1295, 66 S. Ct 1029; *Estes* v. *Texas* (1965), 381 U.S. 532, 14 L. Ed. 2d 543, 85 S. Ct. 1628.)

In the case at bar, no hint of prejudice to the respondent can be found by the action of the trial court in modifying its

exclusion order. This was a hearing tried before a judge, and, in compliance with the statute, all members of the general public, with the exception of the press, were excluded. No suggestion is made that the court was prejudiced against respondent, and indeed a reading of the record indicates the hearing was impartial. We find no error in the court refusing respondent a purely "private" trial.

Jones next contends that the petition filed in this cause was insufficient because it was verified "to the best of [affiant's] knowledge, information and belief." In support of his position he relies on *People* v. *Clark,* 280 Ill. 160; *People* v. *Arey,* 318 Ill. 305, and *People* v. *Shockley,* 311 Ill. 255. In each of these cases it was held that section 6 of article II of the Illinois constitution (Ill. Const., art. II, sec. 6) required that, in a criminal proceeding, an affidavit to a warrant or information had to be sworn to positively so that, if false, an action of perjury would lie; and that a verification on information and belief was insufficient. All the cases cited by defendant arose out of criminal prosecutions.

The Juvenile Court Act (Ill. Rev. Stat. 1969, ch. 37, par. 704—1(2)) provides that a petition may be verified "upon information and belief." We believe it is within the province of the legislature, in order to further the beneficial aspects of the Act, to provide for this type of verification. And it is our opinion that although certain criminal formalities must be accorded a respondent at the adjudicatory stage of the juvenile process (See *In re Winship* (1970), 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068), this in itself does not require the extension of all criminal rights to every stage of the proceedings. See *In re Gault* (1967), 387 U.S. 1, 30, 18 L. Ed. 2d 527, 547-548, 87 S. Ct. 1428; *Kent* v. *United States* (1966), 383 U.S. 541, 562, 16 L. Ed. 2d 84, 97, 86 S. Ct. 1045.

Jones claims that he was entitled to receive the benefit of a conference with a probation officer as provided in section 3—8 of the Act (Ill. Rev. Stat. 1969, ch. 37, par. 703

—8), a jury trial, and the right to waive a public trial; and he claims that the "cumulative effect" of these errors was to deny him due process of law. We cannot agree. We have already noted that no error was occasioned by the denial of a jury trial or the refusal of the court to exclude the press during the hearing. Similarly, we find no error in the court's refusal to grant a conference with a probation officer. Section 3—8(1) of the Act provides in part that "The court *may* authorize the probation officer to confer in a preliminary conference with * * * the prospective respondents * * *." (Emphasis supplied.) It is clear that this section is advisory and not mandatory. The record indicates that there was no abuse of discretion. The petition was filed on January 3, 1969, with the hearing set for January 22. On January 9, 1969, Russell Burke, chief probation officer of Champaign County notified respondent's parents that a probation conference could be arranged at a mutually convenient time. This offer was not accepted. On January 22, the cause was continued until January 27, and on that date respondent then requested a probation conference. Under these facts we find there was no abuse of the court's discretion and no harm suffered when this request was denied. Accordingly, there was no denial of due process.

Finally, respondent claims that he was not proven guilty beyond a reasonable doubt. A review of the record and the facts admitted, in our opinion, sustains and warrants a finding of delinquency.

The judgment of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*