Defendant having been convicted by [ ] a jury; [ ] the court; [X] plea of guilty;
[ ] plea of no contest; of the offense of _____ROBBERY_____
felony of the ___2nd___ degree, being now present in court and ready for sentence,
is now adjudicated guilty of the above offense and is now sentenced as follows:

Judge's
initials

### THE BASIC SENTENCE

[ ] not to exceed five (5) years at the Utah State Prison;

[X] not less than one (1) year nor more than fifteen (15) years at Utah State Prison;

[ ] not less than five (5) years and which may be for life at Utah State Prison;

[ ] to pay fine in the amount of $ ------ .

### ENHANCED PUNISHMENT FOR FIREARM USE

Defendant is additionally sentenced as follows:

[ ] one (1) year at Utah State Prison, pursuant to 76-3-203(1), (2) or (3);

[ ] not to exceed five (5) years at Utah State Prison pursuant to 76-3-203(1),(2) or (3);

[ ] not less than five (5) years nor more than ten (10) years at Utah State Prison, pursuant to 76-3-203(4);

said sentence to run consecutive to the basic sentence as set forth above.

### HABITUAL CRIMINAL ALTERNATIVE PUNISHMENT

Upon a finding that the defendant is in the status of an habitual criminal, the defendant is sentenced to:

[ ] not less than five (5) years and which may be for life at Utah State Prison.

### RESTITUTION

[ ] Defendant is ordered to pay restitution in the amount of $_____ ----- , to
_____.

Defendant is remanded into custody of:

[X] the Sheriff of this county, for delivery to the Warden or other appropriate official at the Utah State Prison for execution of sentence; or

[ ] the Warden for execution of this sentence.

DATED this ___13th___ day of ___February___, 19 85

ATTEST _Richard Greene_. County Clerk
By _____ Deputy Clerk

DISTRICT JUDGE

---

STATE of Utah, in the Interest of T.B., a
Person Under Eighteen Years of Age.

T.R.B., Appellant,

v.

STATE of Utah, Appellee.

No. 960230–CA.

Court of Appeals of Utah.

Feb. 21, 1997.

Russell G. Evans, Salt Lake City, for Appellant.

Jan Graham and Jeffrey Buckner, Salt Lake City, for Appellee.

Martin N. Olsen and Elizabeth Knight, Salt Lake City, Guardians Ad Litem.

Before DAVIS, P.J., and BENCH and JACKSON, JJ.

## OPINION

BENCH, Judge:

█ This is an appeal of the juvenile court's order terminating appellant's parental rights in her son, T.B. Specifically, appellant challenges the juvenile court's denial of her demand for a jury trial. Because neither Utah law nor federal due process guarantees the right to a jury in proceedings regarding the termination of parental rights, we affirm.

## BACKGROUND

As a result of sexual abuse by her stepfather, appellant gave birth to T.B. in 1990, when appellant herself was just thirteen years old. T.B. was placed in shelter care in 1991 and again in 1993. During the latter half of 1993, Child Protective Services received several referrals alleging appellant's neglect and mistreatment of T.B. In January 1994, the Division of Family Services (DFS) obtained temporary custody of T.B. on grounds that he was exposed to drug and alcohol abuse and domestic violence in appellant's home. For over two years, DFS sought to reunify appellant and T.B. through the implementation of several treatment plans. When appellant failed to comply with the treatment plans, the State filed a petition to terminate appellant's parental rights.

Before the hearing on the State's petition, appellant filed a demand for a jury trial. In her supporting memorandum, appellant argued that both Utah law and federal due process guarantee the right to a jury in parental rights termination proceedings. In a memorandum decision, the juvenile court denied appellant's demand, concluding that neither Utah law nor federal due process guarantees the right to a jury in parental rights termination proceedings.

Following the hearing, the juvenile court granted the State's petition to terminate appellant's parental rights. The juvenile court based its order of termination on grounds of neglect, unfitness, refusal or unwillingness to remedy circumstances, failure of parental adjustment, and token efforts. *See* Utah Code Ann. § 78–3a–407 (Supp.1995). On appeal, we are asked to consider the sole issue of whether the juvenile court erroneously concluded that appellant was not entitled to a jury trial. We review the juvenile court's conclusion of law for correctness. *See State ex rel. J.J.T.*, 877 P.2d 161, 162 (Utah App. 1994).

## ANALYSIS

█ The juvenile court determined that article I, section 10 of the Utah Constitution does not provide the right to a jury in parental rights termination proceedings. The Utah Supreme Court has held that article I, section 10 guarantees the right to a jury trial in civil cases. *International Harvester Cred-*

it Corp. v. Pioneer Tractor & Implement, Inc., 626 P.2d 418, 421 (Utah 1981). In Hyatt v. Hill, 714 P.2d 299 (Utah 1986), the supreme court clarified that "the constitutional right to a trial by jury is preserved and currently exists only in actions so triable when the constitution was adopted." Id. at 301 (footnote omitted). In addition, the right to a jury trial "extends only to cases that would have been cognizable at law at the time the constitution was adopted." Zions First Nat'l Bank v. Rocky Mountain Irrigation, Inc., 795 P.2d 658, 661 (Utah 1990) (emphasis added); see also Goldberg v. Jay Timmons & Assocs., 896 P.2d 1241, 1242 (Utah App.1995) ("In general, parties bringing legal claims have a right to a jury trial, while parties bringing equitable claims do not.").

In the instant case, appellant's counsel conceded at oral argument that the action to terminate parental rights did not exist when the Utah Constitution was adopted. Therefore, we do not address whether the action existed when our state constitution was adopted or, if it did exist, whether the action would have been legal or equitable. See In re Adoption of W, 904 P.2d 1113, 1122–23 (Utah App.1995) (refusing to address issue conceded by counsel at oral argument).

We next consider whether the juvenile court properly determined that appellant does not have a statutory right to a jury trial. See Hyatt, 714 P.2d at 301 (stating that legislature may provide statutory right to jury trial in absence of constitutional guarantee). Utah Code Ann. § 78–3a–33(1)(a) (Supp.1995) provides that "[h]earings in minor's cases shall be held before the court without a jury." The juvenile court concluded that this section precludes the use of juries in termination cases. The statute, however, does not state whether "minor's cases" include termination proceedings. In its current codification, the statute appears at Utah Code Ann. § 78–3a–511(1)(a) (1996), which comes within the provisions governing delinquency and criminal actions, see Utah Code Ann. §§ 78–3a–501 to –521 (1996). This suggests the legislature may not have intended to include termination proceedings under "minor's cases."

■ The Termination of Parental Rights Act, Utah Code Ann. §§ 78–3a–401 to –414 (Supp.1995), provides that "[a]ny hearing held pursuant to this part shall be held in closed court without admittance of any person who is not necessary to the action or proceeding, unless the court determines that holding the hearing in open court will not be detrimental to the child." Id. § 78–3a–406(4). The Act does not clarify whether "closed court" precludes the use of a jury.

Other language in the Act, however, suggests that the legislature did not contemplate the use of juries in termination cases. The provisions of the Act repeatedly refer to "the court" as the fact-finder in termination proceedings. See id. § 78–3a–406(3) (directing "[t]he court" to "give full and careful consideration to all of the evidence presented"); id. § 78–3a–407 (providing that "[t]he court may terminate all parental rights with respect to one or both parents if it finds " one of the listed grounds for termination) (emphasis added); id. § 78–3a–408(2) (listing grounds "the court shall consider" in determining unfitness or neglect); id. § 78–3a–409 (noting factors "the court ... shall consider" if parent does not have physical custody of the child). The Act's repeated references to "the court" as fact-finder supports the conclusion that the legislature intended to exclude the use of juries in termination proceedings. See In re Weinstein, 68 Ill.App.3d 883, 25 Ill.Dec. 322, 324, 386 N.E.2d 593, 595 (1979) ("The use of 'the court' by the legislature suggests that the court is to be the trier of fact in [termination] proceedings."). Therefore, we conclude that appellant has no statutory right to a jury in a parental rights termination proceeding.

■ Finally, we review the juvenile court's conclusion that the Federal Due Process Clause does not guarantee the right to a jury in parental rights termination proceedings. In McKeiver v. Pennsylvania, 403 U.S. 528, 545, 91 S.Ct. 1976, 1986, 29 L.Ed.2d 647 (1971), a case involving juvenile delinquency proceedings, the United States Supreme Court held that "trial by jury in the juvenile court's adjudicative stage is not a constitutional requirement." The McKeiver Court recognized that "one cannot say that in our

legal system the jury is a necessary component of accurate factfinding." *Id.* at 543, 91 S.Ct. at 1985. In addition, the Court noted its previous refusal to " 'assert . . . that every criminal trial—or any particular trial—held before a judge alone is unfair or that a defendant may never be as fairly treated by a judge as he would be by a jury.' " *Id.* (quoting *Duncan v. Louisiana,* 391 U.S. 145, 158, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491 (1968)).

Courts have relied on *McKeiver* to reject the argument that the Due Process Clause guarantees the right to a jury in parental rights termination proceedings. *See, e.g., In re Weinstein,* 25 Ill.Dec. 322, 386 N.E.2d at 596; *In re C.,* 26 Or.App. 209, 552 P.2d 586, 587–88 (1976); *In re GP,* 679 P.2d 976, 988 (Wyo.1984). In *In re Weinstein,* the court recognized that "[a]lthough the decision in *McKeiver* involved a juvenile delinquency proceeding, implicit in the rationale of the holding is that a jury trial is not a fundamental concept of due process." 25 Ill.Dec. at 325, 386 N.E.2d at 596. In *In re GP,* the parent had waived his statutory right to a jury trial by failing to pay the jury fee. 679 P.2d at 988. Relying on *McKeiver,* the court rejected the parent's argument that, despite the waiver, federal due process guarantees the right to a jury. *Id.* Emphasizing that the parent's case "was heard by a competent fact-finder," the court concluded that the parent's "constitutional position has not been altered or affected by the court's refusal to grant the jury demand." *Id.* We agree with these cases and, therefore, reject appellant's federal due process argument.

## CONCLUSION

Neither Utah law nor federal due process guarantees the right to a jury in parental rights termination proceedings. Therefore, we affirm the juvenile court's order terminating appellant's parental rights.

DAVIS, P.J., and JACKSON, J., concur.