No. 2--06--1305          Filed: 12-6-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| PAMELA BUBLITZ and JOSEPH SNIDER, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 02--L--1036 |
| WILKINS BUICK, MAZDA, SUZUKI, INC.; MAZDA NORTH AMERICAN OPERATIONS; and MAZDA AMERICA CREDIT, | ) ) ) ) ) ) | Honorable Stephen J. Culliton, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the opinion of the court:

Plaintiffs, Pamela Bublitz and Joseph Snider, appeal the circuit court's denial of their jury trial demand and its judgment against them following a bench trial. Plaintiffs filed a complaint against defendants, Wilkins Buick, Mazda, Suzuki, Inc. (Wilkins); Mazda North American Operations; and Mazda America Credit, under the Magnuson-Moss Warranty--Federal Trade Commission Improvement Act (Magnuson-Moss Act) (15 U.S.C. §2310(d)(1) (2000)) and the Uniform Commercial Code (UCC) (810 ILCS 5/2--608 (West 2002)). We determine that (1) because plaintiffs were seeking equitable relief, they were not entitled to a jury trial, and (2) they waived their arguments concerning an evidentiary issue at trial. Accordingly, we affirm.

I. BACKGROUND

On December 14, 2001, plaintiffs purchased a new Mazda Tribute (the vehicle) from Wilkins. They signed documents showing $980.74 equity in a trade-in vehicle. They also provided a $500 deposit and a down payment of $2,200.04. Plaintiffs financed the remainder of the purchase. The vehicle was subject to a limited manufacturer warranty for three years or 50,000 miles. The limited warranty excluded damages for financial losses such as loss of use, lodging, car rental, travel costs, loss of pay, and other expenses or damages. The purchase contract also contained a dealer's disclaimer of warranties.

On December 17, 2001, the vehicle experienced transmission and clutch failure. Plaintiffs brought the vehicle in for repair, and between December 17, 2001, and February 7, 2002, they brought it in six more times. According to plaintiffs, the vehicle underwent warranty repairs for multiple items such as a defective clutch cable, a leaking transmission, a defective clutch, an improperly installed drive-belt pulley, a defective CD player, and defective power steering. The vehicle was in for warranty repairs during 39 days of the first 3,600 miles of driving.

On February 18, 2002, while the vehicle was in for repair, plaintiffs informed Wilkins that they no longer wanted it and that they wanted a replacement vehicle or their money back. Wilkins refused.

Plaintiffs refused to reclaim the vehicle and filed suit alleging the following counts: (1) breach of written warranty under the Magnuson-Moss Act; (2) breach of implied warranty of merchantability under the Magnuson-Moss Act; and (3) revocation of acceptance under the UCC. In each count, plaintiffs stated that they revoked their acceptance of the vehicle and sought damages. They also alleged two counts that are not at issue on appeal, under section 433.2 of the Code of Federal Regulations (16 C.F.R. §433.2 (2002)) and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 et seq. (West 2002)).

Both plaintiffs and defendants filed jury demands. Before trial, plaintiffs told the trial court that, because they did not want to keep the vehicle, they were not seeking diminution in value, the measure of damages for breach of warranty. Instead, they advised the trial court that they were seeking only damages for revocation of acceptance. At one point the trial court asked plaintiffs' attorney: "You're asking only for damages which flow *** from the equitable remedy of rescission or revocation[?]" Plaintiffs' attorney replied: "[T]hat is correct." On another occasion, the trial court asked: "[S]o you are seeking only the equitable remedy?" Plaintiffs' attorney responded: "[A]bsolutely." Although they conceded that they were seeking an equitable remedy, they argued to the trial court that a jury should determine whether there was a breach of warranty and that, if there was, the trial court would then determine the damages. The trial court determined that the proceeding was equitable and denied the parties' jury trial demands.

At trial, over plaintiffs' objection, the trial court allowed Tom Ballun, the business manager at Wilkins, to testify about the value of plaintiffs' trade-in vehicle listed in the contract. Ballun testified that the trade-in vehicle actually had negative equity, and because lending institutions did not like to see negative equity, Wilkins increased the trade allowance by $6,000. Wilkins then adjusted the price of the vehicle by the same amount to reflect the adjustment to the trade allowance. Ballun testified that by making the adjustments, Wilkins was able to secure for plaintiffs zero-percent financing and no payments for six months.

After hearing the evidence, the trial court entered judgment in favor of defendants. Plaintiffs appeal.

## II. ANALYSIS

Plaintiffs first contend that they had a right to a jury trial under both the federal and state constitutions because they sought money damages. Defendants correctly note that plaintiffs conceded at trial that they were seeking damages based solely on revocation of acceptance. Defendants argue that because revocation of acceptance is an equitable remedy, there was no right to a jury trial. We review a litigant's right to a jury trial de novo. Catania v. Local 4250/5050, 359 Ill. App. 3d 718, 722 (2005).

### A. Application of Federal Law

Initially, plaintiffs argue that federal law applies to their jury demand. We disagree. The guaranty of a jury trial articulated in the United States Constitution does not extend to the states through the fourteenth amendment. Stevens v. Lou's Lemon Tree, Ltd., 187 Ill. App. 3d 458, 466 (1989). Thus, the federal guaranty does not apply to state court proceedings applying state law. See Boatmen's National Bank v. Ward, 231 Ill. App. 3d 401, 410 (1992). Instead, the state constitution applies. See Ward, 231 Ill. App. 3d at 410.

The Magnuson-Moss Act provides a consumer with a private cause of action against a manufacturer or retailer that fails to comply with the terms of a written warranty or any implied warranty. 15 U.S.C. §2310(d)(1) (2000); Shoop v. DaimlerChrysler Corp., 371 Ill. App. 3d 1058, 1060 (2007). However, "[w]hen the Act does not conflict with state law governing the sale of consumer products, state law applies." Shoop, 371 Ill. App. 3d at 1060. Here, the Act does not conflict with state law, and state law is applicable. Accordingly, we apply state law to determine whether plaintiffs were entitled to a jury trial.

### B. Right to a Jury Trial for Damages Based on Revocation of Acceptance

Plaintiffs contend that they were entitled to a jury trial under Illinois law because they sought damages. However, at trial they conceded that they were seeking damages solely pursuant to an equitable remedy.

Article I, section 13, of the Illinois Constitution provides: "The right of trial by jury as heretofore enjoyed shall remain inviolate." Ill. Const. 1970, art. I, §13. This provision guarantees the right of trial by jury as it existed at common law. Martin v. Heinold Commodities, Inc., 163 Ill. 2d 33, 72 (1994); Bank One, N.A. v. Borse, 351 Ill. App. 3d 482, 487 (2004). The Illinois Constitution thus provides a right to a jury trial only in those cases where the right existed at common law when the constitution was originally adopted. Martin, 163 Ill. 2d at 72-73. The right to a jury trial does not depend on whether money damages are sought. Martin, 163 Ill. 2d at 74-75; Borse, 351 Ill. App. 3d at 487. In addition, in Illinois, a statutory right that is unknown at common law does not confer the right to a jury in the absence of statutory language conferring such a right. See Martin, 163 Ill. 2d at 73-75 (denying right to a jury trial under the Consumer Fraud and Deceptive Business Practices Act).

Here, neither the Magnuson-Moss Act nor section 2--608 of the UCC provides for a jury trial. Thus, the only question before us is whether the common law provided a right to a jury trial of plaintiffs' claims when the constitution was adopted. "At common law, equitable claims were creations of the courts of chancery and were tried without the right to a jury." Borse, 351 Ill. App. 3d at 488; Martin, 163 Ill. 2d at 78. In a case seeking equitable relief, a trial court may direct that an issue or issues be tried by a jury. 735 ILCS 5/2--1111 (West 2002). But the impaneling of a jury in such a case is in the discretion of the trial court, and the verdict is only advisory. See Carroll v. Hurst, 103 Ill. App. 3d 984, 991 (1982).

Here, plaintiffs stated that they were not seeking diminution in value, the legal damages for breach of warranty. See 810 ILCS 5/2--714(2) (West 2002); Razor v. Hyundai Motor America, 222 Ill. 2d 75, 106 (2006). Instead, they told the trial court that they sought revocation of acceptance, an equitable remedy for breach of warranty. Mydlach v. DiamlerChrysler Corp., 226 Ill. 2d 307, 310 (2007) (Mydlach II); Mydlach v. DiamlerChrysler Corp., 364 Ill. App. 3d 135, 158 (2005) (Mydlach I); Mrugala v. Fairfield Ford, Inc., 325 Ill. App. 3d 484, 491 (2001). Thus, although the trial court could have impaneled an advisory jury, plaintiffs had no right to a jury trial.

In Mydlach I, the First District recognized cases from the United States District Court for the Northern District of Illinois holding that revocation of acceptance is an available form of equitable relief under the Magnuson-Moss Act if the plaintiff succeeds in showing a breach of warranty. Mydlach I, 364 Ill. App. 3d at 158. In doing so, the court cited a federal district court case similar to this appeal. Mydlach I, 364 Ill. App. 3d at 158, citing Jones v. Fleetwood Motor Homes, 127 F. Supp. 2d 958 (N.D. Ill. 2000).

In Jones--a case that both plaintiffs and defendants rely upon--the purchaser of a motor home alleged that untimely and inadequate repairs were made to the vehicle in violation of its warranty. The purchaser filed suit under the Magnuson-Moss Act, alleging breach of written warranty, breach of implied warranty of merchantability, and revocation of acceptance. The district court held that the revocation of acceptance claims were not separate counts, but were equitable relief that could be granted by the court instead of a jury. The initial breach of warranty issues were tried to a jury, with the issue of revocation tried to the court. After the jury returned a damages amount for breach of warranty that was unacceptable to the purchaser, the purchaser moved to amend the judgment to instead award him a refund for revocation of acceptance. The court denied this request. The court

reasoned that revocation is an equitable remedy and that the jury award was an adequate remedy at law.

In Jones, the district court allowed an initial jury determination of the breach of warranty claims. But unlike the case before us, the claims in Jones were brought in federal court and sought the standard measure of legal damages for breach of warranty. Here, we are not presented with the question of whether plaintiffs would have a right to a jury trial in state court if they had pursued the standard measure of legal damages for breach of warranty. Instead, we are presented with a case where plaintiffs sought solely an equitable remedy.

When determining the right to a jury trial, we have referred to the type of relief sought. When that relief was equitable, we have held that a jury was not available as a matter of right. See generally Borse, 351 Ill. App. 3d at 488 (discussing equitable remedies for breach of trust). Further, it has been stated that where equity has acquired jurisdiction, it may determine all matters, including legal issues. See City of Chicago v. Westphalen, 93 Ill. App. 3d 1110, 1128 (1981).

Here, as plaintiffs conceded, the lack of a claim for diminution damages left an action that was seeking only the equitable relief of revocation of acceptance. At that point, the trial court had the discretion to impanel a jury, but it was not required to do so. See 735 ILCS 5/2--1111 (West 2002); Hurst, 103 Ill. App. 3d at 991. Because plaintiffs sought solely equitable relief, they were not entitled to a jury determination of their claims.

### C. Testimony About Trade Value

Plaintiffs next argue, without any citation to legal authority, that the trial court erred in allowing testimony about the valuation of their trade-in vehicle. They contend that the testimony was allowed in violation of the parol evidence rule. Under the parol evidence rule, any evidence of prior

or contemporaneous agreements is not admissible to alter the terms of an otherwise unambiguous written contract. Vuagniaux v. Korte, 273 Ill. App. 3d 305, 312 (1995).

Plaintiffs have waived this claim by failing to comply with Supreme Court Rule 341(h)(7) (210 Ill. 2d R. 341(h)(7)). Rule 341(h)(7) requires an appellant's brief to include "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." 210 Ill. 2d R. 341(h)(7). An issue not clearly defined and sufficiently presented fails to satisfy the requirements of Rule 341(h)(7) and is waived. Vincent v. Doebert, 183 Ill. App. 3d 1081, 1087 (1989).

In any event, the testimony here was not offered to alter the terms of the contract. Instead, it was offered to show the actual value of the vehicle for purposes of determining damages. Thus, the evidence did not violate the parol evidence rule. Also, because the trial court found that there was insufficient evidence for revocation, it never reached the issue of damages. Plaintiffs do not argue on appeal that the trial court erred in that respect. As a result, any error in allowing the evidence was harmless.

## III. CONCLUSION

We determine that plaintiffs were not entitled to a jury trial and that they waived any issue concerning evidence of the value of their trade-in vehicle. Because we conclude that plaintiffs were not entitled to a jury trial, we need not discuss defendants' alternative argument that plaintiffs could not recover because they failed to show that the disclaimer of incidental and consequential damages in the contract was unconscionable.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GROMETER, P.J., and CALLUM, J., concur.