THIRD DIVISION
March 19, 2008

No. 1-07-2302

| | | |
|---|---|---|
| *In re* K.J. and S.J., Minors, | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Cook County |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Diana Benavides, | ) | Honorable |
| | ) | Sandra Otaka, |
| Respondent-Appellant). | ) | Judge Presiding. |

PRESIDING JUSTICE QUINN delivered the opinion of the court:

Following March 24, 2003, and May 7, 2003, hearings, the circuit court found respondent unfit as a parent to S.J., born August 31, 2000, and K.J., born January 11, 2002, respectively, pursuant to sections 2-3(1)(b) and 2-3(1)(c) of the Juvenile Court Act of 1987 (705 ILCS 405/2-3(1)(b), (c) (West 2004)). The circuit court adjudicated the minors wards of the State and placed them under the guardianship of the Department of Children and Family Services.

On July 20, 2005, the State filed a petition to terminate respondent's parental rights to S.J. and K.J. and to appoint a guardian with a right to consent to their adoption. The grounds for the petition consisted of violations of sections 1(D)(b), 1(D)(k), and 1(D)(m) of the Illinois Adoption Act (Adoption Act) (750 ILCS 50/1(D)(b), (D)(k), (D)(m) (West 2004)) and section 2-

29 of the Juvenile Court Act (705 ILCS 405/2-29 (West 2004)).

On May 5, 2006, respondent filed a demand for a jury trial on the merits of the petition to terminate her parental rights. Respondent filed a memorandum of law in support of her petition on June 10, 2006. The minors and the State filed memorandums in opposition on June 23, 2006, and July 14, 2006, respectively. Following oral arguments on July 20, 2006, the circuit court denied respondent's jury demand.

Thereafter, the circuit court conducted a trial on the merits of the petition to terminate respondent's parental rights on August 31, 2006, September 12, 2006, June 1, 2007, June 4, 2007, July 20, 2007, and July 24, 2007. Following the June 4, 2007, hearing date, the circuit court held that the State proved by clear and convincing evidence that respondent failed to make reasonable progress toward the return of the minors within nine months of the adjudication of neglect in violation of section 1(D)(m)(ii) of the Adoption Act. Subsequently, on July 24, 2007, the circuit court entered an order terminating respondent's parental rights as to S.J. and K.J.[1]

On appeal, respondent solely contends that the circuit court erroneously denied her demand for a jury trial. In doing so, respondent argues that she had a right to a jury trial under the Illinois Constitution. She also contends that a right to a jury

_____

[1]The circuit court also terminated the father's parental rights in the same order. The father's rights are not at issue before us.

trial arose under the seventh amendment and due process clause of the United States Constitution. However, this court has previously rejected these very arguments, and thus we affirm the circuit court's judgment.

In In re Weinstein, 68 Ill. App. 3d 883, 886 (1979), this court noted that neither the Juvenile Court Act nor the Adoption Act provided for a trial by a jury. This court thus determined that the absence of such a provision in either Act denoted that "the legislature intended not to allow a jury trial in juvenile proceedings." In re Weinstein, 68 Ill. App. 3d at 886.[2]

Further, as this court acknowledged, proceedings under the Juvenile Court Act and Adoption Act were created by statute and were unknown at common law. In re Weinstein, 68 Ill. App. 3d at 887, citing In re Fucini, 44 Ill. 2d 305 (1970). Thus a constitutional guarantee to a jury trial does not extend to such statutory proceedings. In re Weinstein, 68 Ill. App. 3d at 887, citing City of Monmouth v. Pollution Control Board, 57 Ill. 2d 482 (1974).

Finally, this court addressed whether a parent's right to a

_____

[2] We note that on April 8, 2003, the Illinois House of Representatives rejected H.B. 1507, which proposed amending the Juvenile Court Act (705 ILCS 405/2-13.2) to grant parents the right to demand a jury trial in proceedings on petitions seeking (1) a finding that a minor is neglected, abused or dependent, or (2) a finding that a parent is unfit and that it is in the best interest of the child to terminate parental rights.

jury trial was implicit in the concept of due process.  Relying on the United States Supreme Court's holding in <u>McKeiver v. Pennsylvania</u>, 403 U.S. 528, 29 L. Ed. 2d 647, 91 S. Ct. 1976 (1971), this court first noted that " 'fundamental fairness' is the due process requirement in juvenile proceedings."  <u>In re Weinstein</u>, 68 Ill. App. 3d at 887.  This court then observed that the Supreme Court emphasized in <u>McKeiver</u> that notice, counsel, confrontation, cross-examination, and standard of proof, but not a jury trial, were required in juvenile proceedings under the concept of due process.  <u>In re Weinstein</u>, 68 Ill. App. 3d at 887-88.  In making that observation, this court stated, "Although the decision in <u>McKeiver</u> involved a juvenile delinquency proceeding, implicit in the rationale of the holding is that a jury trial is not a fundamental concept of due process."  <u>In re Weinstein</u>, 68 Ill. App. 3d at 888; see also <u>In re T.B.</u>, 933 P.2d 397 (Utah App. 1997)(neither Utah law nor federal due process guarantees the right to a jury in proceedings to terminate parental rights).

We agree with the analysis in <u>In re Weinstein</u>.  Article I, section 13, of the Illinois Constitution provides that "[t]he right of trial by jury as heretofore enjoyed shall remain inviolate."  Ill. Const. 1970, art. I, §13.  As our supreme court has held, this provision guarantees the right to a jury trial as it existed at common law at the time of the adoption of the 1970 constitution.  <u>People ex rel. Daley v. Joyce</u>, 126 Ill. 2d 209, 215 (1988).  Conversely, the constitutional right to a jury trial does not apply to statutory proceedings that were unknown at the

common law at the time of the adoption of the 1970 constitution. People ex rel. O'Malley v. 6323 North LaCrosse Avenue, 158 Ill. 2d 453, 457 (1994).

In 1913, our supreme court explicitly stated that the right to a jury trial did not extend to juvenile proceedings because it " 'is not a proceeding according to the course of the common law in which the right of a trial by jury is guaranteed, but the proceeding is a statutory one.' "  Lindsay v. Lindsay, 257 Ill. 328, 335 (1913).  Moreover, our supreme court asserted in In re Fucini, 44 Ill. 2d at 311, that the Juvenile Court Act is of statutory origin.  Consequently, the right to a jury trial did not extend to juvenile court proceedings.  In re Fucini, 44 Ill. 2d at 308.  In In re Jones, 46 Ill. 2d 506, 508 (1970), our supreme court reiterated that the Illinois Constitution does not require a jury trial in proceedings under the Juvenile Court Act.

In the memorandum filed in the circuit court in support of respondent's jury demand, respondent's counsel pointed out that the Juvenile Court Act, including the Juvenile Court Act of 1987, has been amended since this court's holding in In re Weinstein to provide jury trials for certain juvenile delinquency cases.  See 705 ILCS 405/5-810(3), 5-815(d), 5-820(d) (West 2006).  However, the silence of the amendments as to jury trials in parental termination cases supports this court's holding in In re Weinstein that the legislature did not intend for a parent to have a right to a jury trial in cases such as the one at bar. See R.D. Masonry, Inc. v. Industrial Comm'n, 215 Ill. 2d 397, 404

(2005) ("A related principle is that where the legislature chooses not to amend terms of a statute after judicial construction, it will be presumed that it has acquiesced in the court's statement of legislative intent").

Further, Illinois courts have recognized that the seventh amendment of the United States Constitution relates only to the courts of the United States and that the states, so far as concerns the seventh amendment, are left to regulate trials in their own courts in their own ways.  People v. Kelly, 347 Ill. 221, 229 (1931).  This recognition stems from the United States Supreme Court determination that the first 10 amendments, including the seventh amendment, do not concern state action, but deal only with federal action.  Minneapolis & St. Louis R.R. Co. v. Bombolis, 241 U.S. 211, 217, 60 L. Ed. 961, 963, 36 S. Ct. 595, 596 (1916) ("[T]he seventh amendment applies only to proceedings in courts of the United States and does not in any manner whatever govern or regulate trials by jury in state courts or the standards which must be applied concerning the same"); see also Osborn v. Haley, 594 U.S. ___, ___ n.17, 166 L. Ed. 2d 819, 844 n.17, 127 S. Ct. 881, 900 n.17 (2007).  Further, the right to a jury trial articulated in the United States Constitution does not extend to states through the fourteenth amendment.  Bublitz v. Wilkins Buick, Mazda, Suzuki, Inc., 377 Ill. App. 3d 781, 784 (2007).

We thus find no error with the circuit court's decision to deny respondent's petition for a jury trial.

Finally, we note respondent does not raise an insufficiency of evidence claim in her brief.  As such, she has waived that issue for review.  210 Ill. 2d R. 341(h)(7).

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

GREIMAN and CUNNINGHAM, JJ., concur.